## SELVESTER v. UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF CALIFORNIA.

No. 397.   Argued March 14, 1898. — Decided April 25, 1898.

Plaintiff in error was indicted for alleged violations of Rev. Stat. § 5457
The indictment contained four counts. The first charged the unlawful
possession of two counterfeit half dollars; the second, an illegal pass-
ing and uttering of two such pieces; the third, an unlawful passing and
uttering of three pieces of like nature; and the fourth the counterfeit-
ing of five like coins. After the jury had retired, they returned into
court and stated, that, whilst they were agreed as to the first three
counts, they could not do so as to the fourth, and the court was asked if
a verdict to that effect could be lawfully rendered. They were instructed
that it could be, whereupon they rendered a verdict that they found the
prisoner guilty on the first, second and third counts of the indictment,·
and that they disagreed on the fourth count, which verdict was received,
and the jury discharged. *Held*, that there was no error in this.

*Latham* v. *The Queen*, 8 B. & S. 635, cited, quoted from, and approved as
to the point that, " in a criminal case, where each count is, as it were, a
separate indictment, one count not having been disposed of no more
affects the proceedings with error than if there were two indictments."

THE plaintiff in error was indicted for alleged violations of
section 5457 of the Revised Statutes. The indictment con-
tained four counts. The first charged the unlawful possession
of two counterfeit half dollars; the second, an illegal passing
and uttering of two such pieces; the third, an unlawful pass-
ing and uttering of three pieces of like nature, and the fourth,
the counterfeiting of five like coins. The case came on for
trial, and, after the jury had retired, they returned into court
and stated that, whilst they were agreed as to the first three
counts, they could not do so as to the fourth, and the court
was asked if a verdict to that effect could be lawfully ren-
dered. They were instructed that it could be. The District
Attorney thereupon asked leave to enter a *nolle prosequi* as to
the fourth count, but, upon objection by the accused, the
motion was withdrawn, and the jury rendered the following
verdict :

" We, the jury, find James Selvester, the prisoner at the bar, guilty on the first, second and third counts of the indictment, and disagree on the fourth count of the indictment."

Despite objection and exception by the accused, the court received this verdict and discharged the jury.

By motions in arrest of judgment, to set aside the verdict, and for a new trial, the defendant asserted that the verdict was a nullity, because " insufficient, incomplete and uncertain." Exceptions were duly noted to the overruling of these several motions, and the court having imposed sentence a writ of error was allowed.

*Mr. Arthur English* for plaintiff in error.

*Mr. Assistant Attorney General Boyd* for defendants in error.

Mr. JUSTICE WHITE, after stating the case, delivered the opinion of the court.

The assignments of error challenge the sufficiency of the verdict to support the judgment which was entered thereon. The claim is that as the verdict expressed the agreement of the jury as to the guilt of the accused as to the distinct crimes charged in three of the counts, and stated a disagreement as to the distinct crime covered by the fourth count, the verdict was not responsive to the whole indictment, and was void. That is to say, the proposition is that the verdict of guilty as to the separate offences covered by the three first counts was in legal intendment no verdict at all, because the jury stated their inability to agree as to the fourth count, covering a different offence from those embraced in the other counts.

Reduced to its ultimate analysis, the claim amounts to this: That an indictment, although consisting of several counts, each for a distinct offence, is in law an indivisible unit, must be treated as an entirety by the jury in making up their verdict, and such verdict in order to be valid must finally pass upon and dispose of all the accusations contained in the in-

dictment. In effect it is claimed that where an indictment consists of several counts, repeated trials must be had until there is an agreement either for acquittal or conviction as to each and every count contained in the indictment. It needs but a mere statement of the proposition to demonstrate that it in reason rests necessarily on the premise just stated. That this is its essential postulate is conclusively shown by the authorities which are cited to sustain it. They are: *Hurley* v. *State*, 6 Ohio, 399 ; *Wilson* v. *State*, 20 Ohio, 26, 31; *Williams* v. *State*, 6 Nebraska, 334; *Casey* v. *State*, 20 Nebraska, 138, and *Muller* v. *Jewell*, 66 California, 216.

In the *Hurley case*, upon the assumption that the same rules, as respects the sufficiency of verdicts, governed in criminal as in civil cases, the Supreme Court of Ohio held that a trial court acted properly in refusing to enter a verdict which found the defendant not guilty on one count of an indictment, and stated their inability to agree as to other counts; and further held that no error was committed in discharging the jury and again putting the accused upon trial.

In the *Wilson case*, the opinion in the *Hurley case* was criticised, but it was held to be " prudent," where in one indictment distinct offences were charged in separate counts, especially when these offences might subject the accused to different degrees of punishment, to require the jury in their finding, in the absence of a general verdict, to affirm or negative each charge. In consequence of this view the court reversed, because the verdict had found the defendant guilty as charged in one series of counts in the indictment, but had omitted any reference whatever to his guilt or innocence as to certain other offences charged in another series of counts. The rule thus applied was declared to be necessary because of a possible doubt as to whether a defendant might not be subject to further prosecution for an offence not passed upon by a jury in a verdict under an indictment consisting of several counts.

The Nebraska cases followed the ruling in the *Wilson case*, mainly, however, because the Ohio decision was regarded as a construction of a statute, existing in Ohio, and which had been adopted into the Nebraska Code.

The California case relied upon may be dismissed from view, as it related to a verdict in a civil cause.

In passing, we note that the doctrine that a verdict in a criminal case must respond to every count in an indictment in order to warrant a judgment thereon, as stated in the Ohio cases just referred to, seems to be no longer maintained in that State. *Jackson* v. *State*, 39 Ohio St. 37. In the *Jackson case* the issues presented were as follows: The trial court had refused to receive a verdict on an indictment containing several counts for distinct offences, which found the defendant "guilty as charged in the first count of the indictment." The jury thereupon after further deliberation returned a general verdict of guilty. The Supreme Court of the State of Ohio, in considering an exception taken to the entry of the general verdict, said: "The objection is untenable. The prisoner might have been sentenced under the first verdict, for the count on which it was based was sufficient. (Whar. Crim. Pl. and Pr., sec. 740.) But the proper course was to endeavor to obtain a verdict responding to both counts, and that course was pursued."

Whatever may be the present rule in Ohio, it is manifest from the foregoing brief analysis of the cases cited by the plaintiff in error to sustain the contentions upon which reliance is placed, that they rest upon the theory that, even although the offences charged in the several counts of an indictment be distinct and separate crimes, such a solidarity is created between them by charging them in several counts of one indictment as to render void any verdict which does not specifically and affirmatively respond to each and every count. But this proposition, whatever may be the support found for it in early cases, is not sound in reason, and is negatived by the decisions of this court and the opinion of text writers, that is to say, it is refuted by the conclusive weight of authority.

The erroneous theory as to the indivisible union presumed to arise from charging distinct offences in separate counts of one indictment, applied in the cases referred to and in some other early American cases, took its origin from the case of

*Rex* v. *Hayes*, (1727) 2 Ld. Raym. 1518. (See observations in the opinion in *State* v. *Hill*, 30 Wisconsin, 421.) But it has. been held in England that that case did not justify the view which had been sometimes taken of it, *Latham* v. *The Queen*, 5 B. & S. 635, and that it was a mistake to apply to the several counts of distinct offences in one indictment the rule which obtains as to verdicts in civil cases. In the course of his opinion, in the case just cited, Mr. Justice Blackburn said (p. 642):

"Then it is said we are concluded by authority. There is only one case which has the least bearing on the question, namely, *Rex* v. *Hayes*, 2 Ld. Raym. 1518. In that case the indictment contained three counts, and a special verdict was returned, finding the prisoners guilty on two of them, but said nothing on the third, and the question was whether judgment could be given against them as guilty on the whole. The court held, that as the jury had virtually found, and the facts showed, the prisoners not guilty on the third count, the record established that they were guilty on two counts, and not on the third. The counsel who argued that case for the defendants referred to authorities to show that where a verdict finds but a portion of an issue, or only one of several issues, it is bad and ground for a *venire de novo ;* but the court did not determine that point at all — there was no occasion to decide that no verdict, being given on one count vitiates a verdict on another count which is good. In civil cases there is only one process against the defendant, and therefore if a new trial is granted on one part of the case it is granted on the whole. But in a criminal case, where each count is as it were a separate indictment, one count not having been disposed of no more affects the proceedings with error than if there were two indictments. In *O'Connell* v. *The Queen*, 11 Cl. & F. 155, which has been referred to, Parke, B., says pp. 296–7: 'So in respect of those counts on which the jury have acted incorrectly, by finding persons guilty of two offences, (on a count charging only one,) if the Crown did not obviate the objection, by entering a *nolle prosequi* as to one of the offences, *Rex* v. *Hempstead*, R. & R.

C. C. 341, and so in effect removing that from the indictment, the court ought to have granted a *venire de novo* on those counts, in order to have a proper finding; and then upon the good counts it should have proceeded to pronounce the proper judgment. In short, I should have said that the defendants should on the face of the record be put precisely in the same condition as if the several counts had formed the subject of several indictments.' That is exactly what I say here. Each count is in fact and theory a separate indictment, and no authority has been produced to show that we ought to defeat the ends of justice by such a technical error as this.''

And the rule in England thus clearly announced is generally applied in the American cases. Whar. Crim. Pl. and Pr. § 740; 1 Bishop New Crim. Proc. § 1011. Indeed, the doctrine, as settled by repeated adjudications of this court, is in entire harmony with the English rule as announced in the *Latham case.* In *Claassen's case,* 142 U. S. 140, it was held that where a jury found an accused guilty on some counts of an indictment, and the trial judge imposed a general sentence, which did not exceed the punishment authorized by law to be inflicted for a single offence, it was immaterial whether some of the counts upon which conviction was had were bad, as the judgment was valid if only one of the counts was legally sufficient. In *Dealy* v. *United States,* 152 U. S. 539, it was held that the reception of a verdict on an indictment containing numerous counts was valid, although the verdict which set out an affirmative finding as to all but one count was silent as to that count. The discharge of the jury under such circumstances was conceded to have been proper, and it was observed (p. 542) as to the count upon which the verdict was silent, that such silence " was doubtless equivalent to a verdict of not guilty as to that count." In *Ballew* v. *United States,* 160 U. S. 187, it was found that a judgment entered upon a general verdict of guilty on an indictment consisting of several counts was erroneous as respects one of the counts alone, and for this cause the judgment was not reversed *in toto,* but was only set aside as to the count in regard to which error had been committed, and the case was remanded to the

trial court for sentence on the count as to which no error was found to have arisen, and for further proceedings as to the other count. In *Putnam* v. *United States*, 162 U. S. 687, where distinct sentences of concurrent imprisonment had been imposed under separate counts of an indictment, reversible error having been found to exist as to one of the counts only, the judgment was affirmed as to the count where there was no error and was reversed as to the other, and the cause was remanded for further proceedings with respect to the count as to which error had been committed.

These rulings are absolutely in conflict with the proposition upon which the plaintiff in error relies, and conclusively demonstrate its unsoundness. True, it is claimed that there is a distinction between the doctrine announced in these cases and the proposition here relied on. Thus, it is urged that in the *Claassen case* there was no question presented of a failure of the verdict to affirmatively respond to all the counts in the indictment, but that the sole issue was, where the verdict did respond to all the counts and thereafter some of the counts were found to be bad, whether the verdict and sentence, which did not exceed the punishment imposed by law for the offence specified in the good counts, would be held to relate alone to the good counts, and be, therefore, not subject to reversal. Whilst it is true that the claimed distinction between the facts in the *Claassen case* and those in this exists, it is one, however, which in no way distinguishes the two cases, in so far as the legal principle is concerned by which they are to be determined. This is at once made apparent by considering that if the charging of distinct offences in several counts in one indictment so unified the various offences that action on all of them was necessary to action on any one, the conclusion reached in the *Claassen case* was erroneous. The necessary effect of the decision in that case was to establish that, although distinct offences were charged in separate counts in one indictment, they nevertheless retained their separate character to such an extent that error or failure as to one had no essential influence upon the other. It is also asserted that the ruling in *Dealy's case* does not control the question

here raised. There, on an indictment charging distinct offences in several counts, the jury returned a verdict of guilty as to certain of the counts and were silent as to the others. The maintaining of this verdict, it is urged, did not import the right of a jury to agree to convict as to some counts and disagree as to others, since the court in that case imputed the verdict to all the counts, and, therefore, treated it as affirmatively responsive to all. That is, the argument by which alone it is possible to distinguish this case from the *Dealy case* must rest on the extreme and unsound assertion that in that case, although the record plainly disclosed that the jury had found only as to certain counts, nevertheless the court, as a matter of fact, held that the jury had found as to all. The statement in the opinion in the *Dealy case* to which we have already referred and cited, that the silence of the verdict as to a particular count "was equivalent to a verdict of not guilty as to that count," when properly understood, does not lend itself to the construction which the argument seeks to place upon it. The contention arises from a failure to observe the difference between discharging a jury on mere silence on their part as to the guilt or innocence of an accused as to a particular count, and doing so only after a formal disagreement, and its entry of record. Doubtless, where a jury, although convicting as to some, are silent as to other counts in an indictment, and are discharged without the consent of the accused, as was the fact in the *Dealy case,* the effect of such discharge is "equivalent to acquittal," because, as the record affords no adequate legal cause for the discharge of the jury, any further attempt to prosecute would amount to a second jeopardy, as to the charge with reference to which the jury has been silent. But such obviously is not the case, where a jury have not been silent as to a particular count, but where, on the contrary, a disagreement is formally entered on the record. The effect of such entry justifies the discharge of the jury, and therefore a subsequent prosecution for the offence as to which the jury has disagreed and on account of which it has been regularly discharged, would not constitute second jeopardy. The error in the convic-

tion may additionally be shown by presupposing that each crime charged in several counts of one indictment, instead of being included in one, had been prosecuted by way of separate indictments as to each. Under these conditions, if a charge contained in any one of the indictments had been submitted to the jury, and the court had after such submission, and without verdict, undertaken of its own motion, over objection, to discharge the jury, it is elementary that such discharge would be equivalent to an acquittal of the particular charge for which the accused was tried, since it would bar a subsequent prosecution. But if, on the other hand, after the case had been submitted to the jury, they reported their inability to agree, and the court made record of it and discharged them, such discharge would not be equivalent to an acquittal, since it would not bar the further prosecution. This distinction was illustrated by the rulings in the cases of *Putnam* and *Ballew, supra.* In those cases, as the error found to exist as to the particular counts which caused the reversal, prevented the trial as to these counts from constituting legal jeopardy, the case as to such counts was remanded for further proceedings thereunder, although the conviction as to the counts in which there was no error was maintained.

*Affirmed.*

MR. JUSTICE GRAY, MR. JUSTICE BROWN and MR. JUSTICE SHIRAS concurred in part, as follows:

We concur in the judgment of affirmance, and upon this short ground: The indictment contained four counts. The defendant pleaded not guilty to the whole indictment, and thereby joined issue on each and all of the counts; and the jury might find the defendant guilty upon all or any of them. The jury did return a verdict of guilty upon each of the first three counts, and disagreed as to the fourth count. The jury thus answered the whole of the issue presented by the plea to each of the first three counts, and failed to answer the issue presented by the plea to the fourth count. Their failure to return a verdict on the fourth count did not affect the validity

of the verdict returned on the other three counts, or the liability of the defendant to be sentenced on that verdict. The defendant was sentenced upon those counts only upon which he had been convicted by the jury. There is no error, therefore, in the judgment rendered upon the verdict.

But in so much of the opinion of the court, as suggests that the plaintiff in error may be hereafter tried, convicted and sentenced anew upon the fourth count, we are unable to concur. No attempt has been made to try him anew, and the question whether he may be so tried is not presented by this record. Upon principle, on one indictment and against one defendant there can be but one judgment and sentence, and that at one time, and for the offence or offences of which he has been convicted; and a sentence, upon the counts on which he has been convicted by the jury, definitely and conclusively disposes of the whole indictment, operates as an acquittal upon, or a discontinuance of, any count on which the jury have failed to agree, and makes any further proceedings against him on that count impossible. No case has been found, in which, after a conviction and sentence, remaining unreversed, on some of the counts in an indictment, a second sentence, upon a subsequent trial and conviction on another count in the same indictment, has been affirmed by a court of error.

In *Ballew* v. *United States*, 160 U. S. 187, 203, and in *Putnam* v. *United States*, 162 U. S. 687, 715, in each of which a judgment upon conviction on an indictment containing two counts was affirmed as to one count, and reversed as to the other count, the order of reversal did not direct a new trial on the latter count, but was guardedly framed in general terms "for such proceedings with reference to that count as may be in conformity to law;" and under such an order it would be open to the defendant, if set at the bar to be tried again on that count, to plead the previous verdict and sentence in bar of the prosecution.