## LINDEN et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 8, 1924.)

### No. 3158.

**1. Criminal law ⬦185, 878(3)—Conviction on one count, where jury disagreed as to another, no bar to subsequent conviction on latter count.**

Where indictment charged conspiracy, under Criminal Code, § 37 (Comp. St. § 10201), to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and in another count charged unlawful possession, conviction on latter count was valid, notwithstanding disagreement as to conspiracy count, and conviction in later trial on conspiracy count was valid, there being no jeopardy by reason of disagreement.

**2. Conspiracy ⬦28—Intoxicating liquors ⬦139—Conspiracy to violate Prohibition Act is offense different from crime which is its object.**

Conspiracy to commit crime being an offense different from that crime which is the object of the conspiracy, possession of intoxicating liquors in violation of National Prohibition Act is not of common origin with conspiracy to commit such offenses, under Criminal Code, § 37 (Comp. St. § 10201).

**3. Conspiracy ⬦47—Criminal law ⬦172(2)—Instruction that possession of liquor is prima facie evidence of unlawful purpose held reversible error.**

National Prohibition Act, § 33, tit. 2 (Comp. St. Ann. Supp. 1923, § 10138½t), making possession of liquor prima facie evidence of unlawful purpose, has no application in a trial for conspiracy under Criminal Code, § 37 (Comp. St. § 10201), and an instruction quoting such section, and giving no other charge as to burden of proof, constitutes reversible error.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Harry Linden and others. Judgment of conviction, and defendants bring error. Reversed and remanded for new trial.

James R. Nugent, of Newark, N. J., for plaintiffs in error.

Richard C. Plumer, of Newark, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. When running a boat loaded with whisky inside of Sandy Hook, Linden, Coose and Philbrook were overtaken by two inspectors of customs and arrested. 296 F. 104. An indictment containing six counts was found against them. The fourth count charged conspiracy (under section 37 of the Criminal Code, Comp. Stat. § 10201) to possess and transport intoxicating liquors in violation of the National Prohibition Act (41 Stat. 305, Comp. Stat. Ann. Supp. 1923, §

2 F.(2d)—52

10138¼ et seq.), and the sixth charged the unlawful possession of intoxicating liquors in violation of the same Act. A nolle prosequi was entered to the first, second, third and fifth counts and the defendants went to trial on the other two. The jury rendered a verdict of guilty under the sixth count and stated they could not agree on the fourth count. The court accepted the verdict and discharged the jury. Later, the defendants were again brought to trial on the fourth count and convicted.

[1] Prosecuting this writ of error, the defendants say the judgment is void because it is the second judgment on the same indictment under which they have twice been put in jeopardy. True, they were twice tried on the same indictment but only once convicted on separate counts. Notwithstanding the jury at the first trial disagreed on the fourth count, it convicted the defendants on the sixth count. There can be no question of the validity of this conviction. Selvester v. United States, 170 U. S. 262, 18 S. Ct. 580, 42 L. Ed. 1029. Nor is there any question (on this ground) of the validity of the later conviction under the fourth count for the reason that each count charged a separate offense, and for the further reason that the defendants were not placed in jeopardy by the failure of the jury at the first trial to agree on that count or by the action of the court in discharging the jury because of their disagreement. 8 R. C. L. 153, 157.

[2] Continuing their assertion of former jeopardy the defendants maintain that the offense of conspiring to possess liquor unlawfully and the offense of possessing liquor unlawfully are of common origin, that trial for one involves jeopardy in the trial for the other and that, accordingly, conviction of the lesser offense disposes of the greater offense. The crimes are not of common origin for one arises from the Criminal Code and the other from the National Prohibition Act. Moreover, it is definitely settled that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. United States v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 59 L. Ed. 1211. "Liability for conspiracy is not taken away by its success—that is, by the accomplishment of the substantive offense at which the conspiracy aims." Heike v. United States, 227 U. S. 131, 144, 33 S. Ct. 226, 229 (Ann. Cas. 1914C, 128); United States v. Mitchell (C. C. A.) 229 F. 357, 362; Goukler v. United States (C. C. A.) 294 F. 274.

On the assignments charging error to the court in refusing the defendant's motion for

a directed verdict on the ground there was no proof of conspiracy, it will be enough to say that after a careful reading of the record we find the evidence warranted submission.

[3] The real trouble in this case arose out of a manifest inadvertence on the part of the trial court in charging the jury. After reciting the charge and stating the facts the learned trial court quoted section 33, tit. 2, of the National Prohibition Act (Comp. Stat. Ann. Supp. 1923, § 10138½t) which provides that the possession of liquor, unless lawfully permitted, "shall be prima facie evidence that such liquor is kept for the purpose of being" disposed of in violation of the Act "and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used." The court then instructed the jury on the crime of conspiracy and submitted the case.

If the defendants had been on trial under the sixth count of the indictment charging the unlawful possession of liquor, the reading of section 33 of the National Prohibition Act would have been a proper instruction as to the evidential effect of the possession of liquor and, accordingly, as to where lay the burden of proving the guilt or innocence of the accused. But the defendants were not being tried for the unlawful possession of liquor, an offense under the National Prohibition Act; they were on trial for conspiracy to violate a law of the United States, a crime defined by section 37 of the Criminal Code. Though the objective offense of the conspiracy was a violation of the National Prohibition Act, the statutory rule of evidence prescribed by section 33 of that Act does not extend to a crime under the Criminal Code. This provision of the law does not make the possession of liquor prima facie evidence of conspiracy or cast upon the possessor the burden of proving his possession lawful in order to prove himself innocent of conspiracy. The inevitable effect of quoting section 33 of the National Prohibition Act as the rule of evidence in this trial for conspiracy under the Criminal Code, coupled with the court's omission to give any instruction on the rule of evidence and where lay the burden of proof in a conspiracy case was to leave the jury with an incorrect impression that the burden of proof had shifted from the Government to the defendants and that unless they could show their possession of the liquor was lawful they must be convicted of conspiracy. And this is what happened. In this situation we are constrained to find error and, accordingly, reverse the judgment below and direct a new trial.