## UNITED STATES v. MAZZONCINI et al.

Circuit Court of Appeals, Ninth Circuit.
March 11, 1929.

No. 5502.

James F. O'Brien, of Tacoma, Wash., for appellant Mazzoncini.

Wesley Lloyd, of Tacoma, Wash., for appellant Harpster.

Anthony Savage, U. S. Atty., and Paul D. Coles, Asst. U. S. Atty., both of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. The defendants were jointly indicted with one Dick Bartu. The indictment contains three counts. The first charge is a conspiracy to violate the Prohibition Law. The overt acts alleged are the possession by the defendants of a still for the manufacture of liquor, the possession of mash fit for distillation, and the manufacture and possession of intoxicating liquor. The second count charges the defendants with carrying on the business of a distiller without having given the bond required by law, and the third with fermenting approximately 1,500 gallons of mash, all on the same date as the alleged overt acts.

The defendants were found not guilty by the jury on the conspiracy charge, and guilty on the second and third counts. They each moved in arrest of judgment and for judgment notwithstanding the verdict on the ground that the verdict of guilty on counts 2 and 3 was so inconsistent with the verdict of not guilty on count 1 that it cannot stand. The motions were overruled, and the defendants appeal.

There is no merit in the appellants' position. A conspiracy to commit an offense is a separate and distinct crime from the offense itself, and therefore a verdict of not guilty on a conspiracy charge does not prevent a conviction on other counts in the same indictment charging the overt acts as substantive offenses. Linden v. U. S. (C. C. A.) 2 F.(2d) 817; Harris v. U. S. (C. C. A.) 273 F. 785. Each count in the indictment charged a separate and distinct offense. It was the duty of the jury to return a verdict on each count, and the fact that it found the defendants not guilty on one count does not render the conviction on the others invalid. Bilboa v. U. S. (C. C. A.) 287 F. 125.

Judgment affirmed.