## ALLEN v. UNITED STATES.
### No. 4162.

Circuit Court of Appeals, Fourth Circuit.
May 4, 1937.

George E. Carmody, of New York City (J. D. E. Meyer, of Charleston, S. C., on the brief), for appellant.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (C. N. Sapp, U. S. Atty., of Columbia, S. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

Appellant was prosecuted with three other persons under an indictment containing three counts. The first charged a transporting in interstate commerce, in violation of·section 415 of title 18 of the U. S. Code (18 U.S.C.A. § 415), of an amount of money in excess of $5,000 which had been obtained feloniously by fraud; the second charged the receipt of the money while it was being transported in interstate commerce; the third charged conspiracy to transport and transportation in furtherance of the conspiracy as an overt act. Verdict of not guilty as to all of the defendants was directed on the charge contained in the second count; all were convicted of conspiracy under the third count; and all, except appellant, were convicted on the first count charging the substantive offense of transportation. From the sentence imposed on appellant under the third count, this appeal is taken.

The record discloses the case of a typical confidence game in which the victim was swindled out of $30,000 by a group of experienced criminals who induced him to put up the money on a plea that thereby large winnings might be collected on a supposedly crooked horse race. The details of the scheme furnish an interesting example of the ingenuity of those engaged in this type of crime, but are not necessary to an understanding of the points of law raised by the appeal. Sufficient is it to say that the scheme was clearly fraudulent, that appellant was shown to have had a part in it, that $30,000 was taken from the victim in Charleston, S. C., as a result of it, and that the evidence leaves no reasonable doubt that those who were engaged in the fraud took the money from Charleston with them and that the conspiracy all along had some such transportation in view. Exceptions directed to the sufficiency of the evidence, therefore, cannot be sustained.

The point chiefly relied on by appellant is that his acquittal on the first count of the indictment was a bar to his conviction on the third count. It is said in support of this position that, not only was the overt act charged in the third count the transportation which was charged as a substantive offense in the first count, but also that the first count charged that the defendants "did transport and cause to be transported" the money in question, thereby charging by necessary inference, it is said, the conspiracy which was the subject of the third count. We cannot follow this reasoning. The gist of the charge of conspiracy was not the transportation but the unlawful plan and agreement of the conspirators. Dealy v. United States, 152 U.S. 539, 547, 14 S.Ct. 680, 38 L.Ed. 545; United States v. Britton, 108 U.S. 199, 204, 2 S.Ct. 531, 27 L.Ed. 698. An overt act was necessary to complete the crime, but this overt act might be the very crime which was the object of the conspiracy. United States v. Rabinowich, 238 U.S. 78, 86, 35 S.Ct. 682, 59 L.Ed. 1211; Heike v. United States, 227 U.S. 131, 144,·33 S.Ct. 226, 57 L.Ed. 450, Ann.Cas.1914C, 128. Since it was not necessary that all the conspirators join in the overt act (Bannon & Mulkey v. United States, 156 U.S. 464, 468,

956

15 S.Ct. 467, 39 L.Ed. 494), there was no inconsistency in a verdict ·finding appellant guilty of conspiracy but not guilty of the substantive crime alleged as an overt act. Bullock v. United States (C.C.A.6th) 289 F. 29; United States v. Anderson (C. C.A.9th) 31 F.(2d) 436, 437; Gerard v. United States (C.C.A.7th) 61 F.(2d) 872, 875. But, even if there were such inconsistency, it would make no difference, as consistency in a verdict is not required. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 80 A.L. .R. 161; Massenberg v. United States (C. C.A.4th) 19 F.(2d) 62, 64; Belvin v. United States (C.C.A.4th) 12 F.(2d) 548. The rule was laid down in Dunn v. United States, supra, as follows:

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. Latham v. The Queen, 5 Best & S. 635, 642, 643. Selvester v. United States, 170 U.S. 262, 18 S.Ct. 580, 42 L.Ed. 1029. If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as res judicata of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold. As was said in Steckler v. United States (C.C.A.) 7 F.(2d) 59, 60:

" 'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' "

■■ Other points raised in the brief of appellant relate to the admission in evidence of a memorandum pad containing appellant's telephone number found in the apartment of another one of the defendants, the admission in evidence of a check given by the wife of another of the defendants to the appellant, and the refusal to permit appellant's counsel to cross examine witnesses for the purpose of showing that they were not examined before the grand jury, so as to lay a foundation for a motion to quash the bill of indictment on the ground that the grand jury acted upon insufficient evidence. In addition to pressing these points, appellant asks this court to arrest the judgment on the ground that the charge in the indictment is too vague and indefinite to support a conviction. We have given careful consideration to each of these matters and find no merit in any of them. The finding of the telephone pad with the number of appellant in the apartment of another of the defendants was a circumstance tending to show the continued association of the defendants, as was also the giving of a check to appellant by the wife of another of the defendants; but, quite apart from this, it is perfectly clear that the admission of testimony of these circumstances could not have· affected the result when there was positive and uncontradicted testimony connecting appellant with the perpetration of the fraud. The indictment was clearly sufficient and the judge very properly refused to permit counsel for appellant, on the trial of the case, to enter upon an inquiry as to what evidence was heard before the grand jury. The propositions of law involved are so elementary as not to justify discussion.

There was no error, and the judgment appealed from will be affirmed.

Affirmed.