**THOMAS v. HUDSPETH, Warden, United States Penitentiary, Leavenworth, Kansas.**

**No. 2469.**

Circuit Court of Appeals, Tenth Circuit.

April 27, 1942.

Jay Boyce Thomas pro se.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying an application for a writ of habeas corpus.

An indictment containing ten counts was returned against Thomas[1] and another in the District Court of the United States for the Eastern District of Missouri, Eastern Division, charging violations of 18 U.S.C.A. § 398. The first count charged that petitioner on or about July 16, 1940, transported in interstate commerce, by means of an automobile, Sallie Marsh from Wilson, N. C., to St. Louis, Mo., "with the intent and for the purpose * * * of inducing, enticing and compelling" Sallie Marsh "to become a prostitute and to give herself up to debauchery and to engage in other immoral practices."

The second count charged that petitioner on or about July 16, 1940, transported in interstate commerce, by means of an automobile, Sallie Marsh from Wilson, N. C., to St. Louis, Mo., "for the purpose of prostitution."

The third count charged that petitioner on or about July 16, 1940, transported in interstate commerce, by means of an automobile, Sallie Marsh from Wilson N. C., to St. Louis, Mo., "for the purpose of debauchery, and for other immoral purposes."

The fourth count charged that on or about July 16, 1940, petitioner aided and assisted in obtaining transportation for, and in transporting, in interstate commerce, Sallie Marsh from Wilson, N. C., to St. Louis, Mo., "for the purpose of prostitution."

The fifth count charged that on or about July 16, 1940, petitioner aided and assisted in obtaining transportation for, and in transporting, in interstate commerce, Sallie Marsh from Wilson, N. C., to St. Louis, Mo., "for the purpose of debauchery, and for other immoral purposes."

The sixth count charged that on or about July 16, 1940, petitioner transported in interstate commerce, by means of an automobile, Ann Mae Sedeshe from Wilson, N. C., to St. Louis, Mo., with the intent and for the purpose of inducing, enticing and compelling her "to become a prostitute and to give herself up to debauchery and to engage in other immoral purposes."

The seventh count charged that on or about July 16, 1940, petitioner transported in interstate commerce, by means of an automobile, Ann Mae Sedeshe from Wilson, N. C., to St. Louis, Mo., "for the purpose of prostitution."

The eighth count charged that on or about July 16, 1940, petitioner transported in interstate commerce, by means of an automobile, Ann Mae Sedeshe from Wilson, N. C., to St. Louis, Mo., "for the purpose of debauchery, and for other immoral purposes."

The ninth count charged that on or about July 16, 1940, petitioner aided and assisted

---

[1] Hereinafter referred to as petitioner.

in obtaining the transportation for, and in transporting, in interstate commerce, Ann Mae Sedeshe from Wilson, N. C., to St. Louis, Mo., "for the purpose of prostitution."

The tenth count charged that on or about July 16, 1940, petitioner aided and assisted in obtaining transportation for, and in transporting, in interstate commerce, Ann Mae Sedeshe from Wilson, N. C., to St. Louis, Mo., "for the purpose of debauchery, and for other immoral purposes."

Petitioner entered pleas of not guilty to the several counts of the indictment. He was tried and found not guilty on counts 1 and 6. He was found guilty on each of the other counts, and was sentenced to a term of imprisonment of 5 years on each of such counts, the sentences to run concurrently.

In his application for the writ, petitioner charges that the offense charged in counts 2, 3, 4, and 5 is identical with the offense charged in count 1, and that the offense charged in counts 7, 8, 9, and 10 is identical with the offense charged in count 6, and since petitioner was found not guilty of counts 1 and 6, he was twice placed in jeopardy for the same offense, and that the verdicts of acquittal on counts 1 and 6 constituted a bar to a conviction on the remaining counts of the indictment.

It is obvious that the charges in counts 1 to 5, inclusive, relate to the same transaction, and the charges in counts 6 to 10, inclusive, relate to the same transaction.

In Dealy v. United States, 152 U.S. 539, 542, 14 S.Ct. 680, 681, 38 L.Ed. 545, the court said: "It is familiar law that separate counts are united in one indictment, either because entirely separate and distinct offenses are intended to be charged, or because the pleader, having in mind but a single offense, varies the statement in the several counts as to the manner or means of its commission in order to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs. 1 Bish. Crim.Proc. § 422. Yet, whatever the purpose may be, each count is in form a distinct charge of a separate offense, and hence a verdict of guilty or not guilty as to it is not responsive to the charge in any other count."[2]

In Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 80 A.L.R. 161, the court said: "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. Latham v. The Queen, 5 Best & Smith, 635, 642, 643; Selvester v. United States, 170 U.S. 262, 18 S.Ct. 580, 42 L.Ed. 1029."

Here, the pleader merely varied the statement in the several counts respecting the transportation and its intent and object, in order to avoid at the trial an acquittal by reason of any unforeseen lack of harmony between the allegations and the proofs. An election at the close of the evidence might properly have been required.

18 U.S.C.A. § 398, reads in part as follows: "Any person who shall *knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting,* in interstate or foreign commerce, or in any Territory or in the District of Columbia, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; * * *." (Italics ours.)

Obviously, counts 4 and 5 charge an offense which is distinct from the offenses charged in counts 1, 2, and 3. Instead of charging petitioner with the actual transportation, they charge that he aided and assisted in obtaining transportation for and in transporting Sallie Marsh. Likewise, counts 9 and 10 charge an offense which is separate and distinct from the offenses charged in counts 6, 7, and 8. Instead of charging petitioner with the actual transportation, they charge that he aided and assisted in obtaining transportation for and in transporting Ann Mae Sedeshe.

Since the sentences run concurrently, and the sentences on counts 4 and 9 are clearly valid, petitioner is not entitled to discharge until he has served the valid sentences, irrespective of the validity of the sentences on counts 2, 3, and 5, and 7, 8, and 10.[3]

The judgment is affirmed.

2 See, also, Huffman v. United States, 8 Cir., 259 F. 35, 40.

3 Reger v. Hudspeth, 10 Cir., 103 F.2d 825, 826; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42, 44; Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866; Duffy v. Hudspeth, 10 Cir., 112 F.2d 559; 25 Federal Digest, Criminal Law, ☞878.