## WILLIAMS v. UNITED STATES.
### No. 5391.

Circuit Court of Appeals, Fourth Circuit.

Nov. 5, 1945.

Thomas W. Ruffin and J. C. B. Ehringhaus, both of Raleigh, N. C. (W. L. Spencer, of Raleigh, N. C., on the brief), for appellant.

Albert A. Corbett, Enforcment Atty., Office of Price Administration, of Raleigh, N. C. (J. O. Carr, U. S. Atty., of Wilmington, N. C., and Charles F. Rouse, Asst. U. S. Atty., of Kinston, N. C., on the brief), for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal by Louis H. Williams, hereinafter called defendant, from conviction and sentence in the District Court of the United States for the Eastern District of North Carolina, under eleven counts of a twelve-count indictment. The indictment charged embezzlement and misuse of gasoline and sugar rationing coupons in violation of Sections 100 [47] and 101 [48], Chapter 4, United States Criminal Code, 18 U.S.C.A. §§ 100, 101, and sections of the then current ration orders.

Defendant was employed as Chief of Office Services of the Raleigh District Office, Office of Price Administration. In this po-

sition he was one of three officials under whose direction a large number of used ration coupons were stored in a vault leased from the North Carolina State Prison. Defendant had the combination which opened the vault and, as part of his duties, he carried packages of coupons to and from the vault on several occasions. Two youths, accidentally apprehended with coupons in their possession, involved another O. P. A. employee who, in turn, implicated this defendant. He was indicted on twelve counts, the first of which charged that he did "embezzle, purloin, steal and carry away" government property, the second that he received and retained such property, knowing the same to have been stolen or embezzled, and the remaining ten that ration orders had been violated by the transfer, control or possession of ration documents in general and also on particular dates. Exceptions were taken by the defendant to the sufficiency of the indictment, the sufficiency of the evidence, the legality of the sentence, certain rulings as to the admission and rejection of evidence, and the denial of a motion for a new trial.

■ The contentions with respect to the sufficiency of the indictment allege repugnancy, duplicity, and failure to set forth the offenses charged in sufficient detail to permit a proper defense. A careful study of the record discloses a complete lack of merit in these contentions. Certainly the defendant was fully and fairly advised of the actual charges against him. No more serious objection to the language complained of can be sustained than that the indictment included certain unessential and useless averments which may be disregarded as surplusage. Moore v. United States, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422; Ford v. United States, 273 U.S. 593, 602, 47 S.Ct. 531, 71 L.Ed. 793.

■ The argument of defendant as to the insufficiency of the evidence seems to be based upon an incomplete reading of the statutes and orders under which this indictment was brought. He contends at length that, although the evidence might have been sufficient to sustain an indictment for larceny, it was not sufficient to sustain a charge of embezzlement. This overlooks entirely the fact that the instant statute covers both of these common law crimes in the phrase "embezzle, steal, or purloin." 18 U.S.C.A. § 100. Similarly, with respect to the later counts of the indictment, much

is made of the exemption in the ration order (Subsection (e), Section 1934.8177, of Ration Order No. 5C) granted to public officials, with no attention to the last clause of this exemption, "acting in the performance of their official duties." Since misappropriation of the ration coupons cannot be within the scope of official duties, this argument completely lacks force.

■ The contention that the sentences imposed were illegal was based upon the jury's acquittal of the defendant on the second count of the indictment, which charged him with the receipt and retention of government property, knowing the same to have been stolen or embezzled. This acquittal was in accordance with the instructions from the Court that if defendant were found guilty on the first count, he should be acquitted on the second. Defendant argues that this acquittal under the second count negatives certain facts essential to a conviction under any of the other counts. Since, in fact, this second count was only for the receipt of stolen government property, a charge which would not be sustained in any case where the defendant had already been found guilty of the original larceny or embezzlement, this contention equally lacks merit. In a criminal case, when the indictment contains several counts, consistency in the verdict of the jury is not necessary; for each count is regarded as if it were a separate indictment. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Allen v. United States, 4 Cir., 89 F.2d 954.

Other objections to the legality of the sentence are adequately answered by the judge's failure to impose sentence on four of these counts, on the score that these were duplications of the crime charged in other counts, and by the provision that all sentences on the remaining counts should run concurrently, within the period of the sentence imposed under Count 1 of the indictment.

■ The court's rulings with regard to the admission of certain evidence appear harmless and without prejudice to the defendant. There was ample evidence to take the question of defendant's guilt to the jury, which alone can pass on questions of the credibility of witnesses. Questions of rebuttal testimony are generally subject to the sound discretion of the trial court and we find here no abuse of that discretion.

Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343. Accordingly, no grounds appear here upon which the motion for a new trial should have been granted.

We find no reversible error in this case and the judgment of the District Court is affirmed.

Affirmed.