**UNITED STATES of America**

v.

**Benjamin F. LONG, Jr.**

**Crim. No. 24611.**

United States District Court
D. Maryland.

Dec. 9, 1958.

Leon H. A. Pierson, U. S. Atty., and Arnold M. Weiner, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

William J. O'Donnell, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The one count indictment in this case charges: "On or about the 10th day of December, 1957, at the United States Naval Air Station, Patuxent River, in the State and District of Maryland, Benjamin F. Long, Jr., with intent to deprive the owner of its property, did embezzle, steal, purloin, and knowingly convert to his own use the sum of $10,437.54, which was the property of the United States. Title 18, USC, Section 641."

Defendant has moved to dismiss the indictment, claiming: (1) that it is duplicitous in that it charges in one count four separate and distinct substantive crimes; (2) that it fails to allege that any of said offenses was committed knowingly or willfully or with criminal intent; (3) that it fails to make an allegation necessary to the charge of embezzlement, namely, the fiduciary relationship or the employment relationship between defendant and the owner of the property; (4) that the allegation of conversion is insufficient to establish a criminal as compared with a civil conversion. Other grounds stated are included in (1).

(1) "Where a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment or information may charge any or all of such acts conjunctively as constituting a single offense." 42 C.J.S. Indictments and Informations § 166, p. 1120; Williams v. United States, 4 Cir., 151 F.2d 736; Crain v. United States, 162 U.S. 625, 634–636, 16 S.Ct. 952, 40 L.Ed. 1097; Troutman v. United States, 10 Cir., 100 F.2d 628, 631. In Williams v. United States [151 F.2d 737] one count charged that defendant did "embezzle, purloin, steal and carry away" government property in violation of sec. 100 of the 1940 Code. An objection on the ground of duplicity was overruled, as was defendant's contention that although the evidence might have been sufficient to sustain an indictment for larceny, it was not sufficient to sustain a charge of embezzlement. The Court said: "This overlooks entirely the fact that the instant statute covers both of these common law crimes in the phrase 'embezzle, steal, or purloin.' 18 U.S.C.A. § 100." 151 F.2d at page 737.

Sec. 100 of the 1940 Code was one of the sections consolidated into sec. 641 of the 1948 Code. In Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, the Court said: "We find no other purpose in the 1948 re-enactment than to collect from scattered sources crimes so kindred as to belong in one category." 342 U.S. at pages 266, 267, 72 S.Ct. at page 251. And again: "It is not surprising if there is considerable overlapping in the embezzlement, stealing, purloining and knowing conversion grouped in this statute. What has concerned codifiers of the larceny-type offense is that gaps or crevices have separated particular crimes of this general class and guilty men have escaped through the breaches. The books contain a surfeit of cases drawing fine distinctions between slightly different circumstances under which one may obtain wrongful advantages from another's property. The codifiers wanted to reach

all such instances." 342 U.S. at page 271, 72 S.Ct. at page 254. See also Perkins on Criminal Law, p. 272.

■ (2)–(4) Following the language of the statute, the indictment alleges that defendant "with intent to deprive the owner of its property, did embezzle, steal, purloin and knowingly convert to his own use * * *". This is a sufficient allegation of criminal intent. Clark and Marshall on Crimes, sec. 330; Morissette v. United States, supra.

■ (3) No allegation of fiduciary relationship or employment relationship is necessary in this indictment. Defendant may apply for a bill of particulars, if desired.

The motion to dismiss the indictment is hereby denied.