UNITED STATES of America, Plaintiff,

v.

Walter FLETCHER, Defendant.

No. CR–2–78–25.

United States District Court,
E. D. Tennessee,
Northeastern Division.

. Dec. 13, 1978.

John H. Cary, U. S. Atty., Knoxville, Tenn., Guy W. Blackwell, Jr., Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

Max E. Wilson, Mountain City, Tenn., for defendant.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

The defendant Mr. Walter Fletcher was convicted by a jury under count I of the indictment herein of knowingly engaging in the business of dealing in firearms during a certain period within the jurisdiction of this Court without having a federal license so to do. He was acquitted by the jury of having knowingly sold or delivered, or both, a certain firearm unlawfully on four separate occasions within that period, as charged in counts II, III, IV and V of such indictment..

■ Mr. Fletcher gave notice of an appeal from such judgment of conviction, claiming that the foregoing verdict of the jury on count I is inconsistent with its verdicts on the further counts, and that, therefore, his judgment of conviction is not supported by sufficient evidence. He applied also to the Court for leave to proceed on such appeal in the form of a pauper. 28 U.S.C. § 1915(a); Rule 24(a), Federal Rules of Appellate Procedure. The Court hereby CERTIFIES that the appeal is not taken in good faith, *idem.*, in that the defendant's position is contradicted diametrically by established law.

■ The acquittal of Mr. Fletcher on the final 4 counts of the indictment did not prevent his conviction on the first count thereof, as the evidence on count I was sufficient to support his conviction thereunder. *United States v. Mills*, C.A. 6th (1972), 456 F.2d 1111, 1112[2], certiorari denied (1972), 406 U.S. 960, 92 S.Ct. 2070, 32 L.Ed.2d 347. Each such count is treated as a separate indictment. *Selvester v. United States* (1898), 170 U.S. 262, 267, 18 S.Ct. 580,

581, 42 L.Ed. 1029, 1031. Even if the evidence in one or more of counts II–V, inclusive, had been necessary for a conviction under count I, and Mr. Fletcher could not have committed the first crime charged without having committed those charged in the subsequent counts (which is not the situation herein), a rational explanation of the jury's convicting on count I and acquitting on 4 others would not be needed. *United States v. Rowan*, C.A. 6th (1975), 518 F.2d 685, 689[3]; *United States v. Bevins*, C.A. 6th (1970), 430 F.2d 601, 603, citing and quoting from *Dunn v. United States* (1931), 284 U.S. 390, 394, 52 S.Ct. 189, 191, 76 L.Ed. 356, 359 (headnote 3).

It was stipulated that Mr. Fletcher had no federal firearms dealer's license during the pertinent period. There was testimony from a detective in the office of the sheriff of Caldwell County, North Carolina that Mr. Fletcher had stated he had purchased 22 weapons on one occasion and bought other weapons on another occasion, and that he could sell all the guns he acquired. There was also testimony that Mr. Fletcher exhibited publicly a number of firearms for sale at his place of business. So, even pretermitting the specific sales charged in counts II through V of the indictment, this was sufficient evidence to support the jury's verdict that Mr. Fletcher had engaged unlawfully in the business of dealing in firearms.

For the foregoing reasons, the Court denied the defendant-appellant's motion for leave to proceed on appeal in forma pauperis. Rule 24(a), *supra*.