UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 94-5414

MARK CHRISTOPHER POE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, District Judge.
(CR-93-144)

Submitted: December 29, 1995

Decided: March 26, 1996

Before WIDENER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Houck Swan, III, SADLER & SWAN, Norfolk, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Charles D. Grif-
fith, Jr., Special Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Christopher Poe appeals his conviction, after a jury trial, of first-degree murder within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. §§ 7(3) & 1111 (1988). Poe contends that the district court erred when it allowed the Government to present rebuttal evidence and that the scope of the rebuttal evidence permitted was overly broad. Poe also contends that the district court erred by denying his proffered jury instruction and his motions for a continuance, change of venue, and for a bill of particulars. Poe does not challenge the sufficiency of the evidence presented against him at trial, but only these specific technical rulings made by the district court. Finding no error, we affirm.

The facts of this case are especially brutal because the victim was both dismembered and decapitated. Two witnesses observed Poe throwing an Army-green duffle bag from a bridge into a lake. Fishermen later discovered the torso of the victim floating in the lake. The local police searched the lake and recovered a green duffle bag with the name of the victim's husband stenciled on the side. The victim's head and arms were found later in another lake and several ditches. At trial, the victim's husband identified the duffle bag as his.

Fibers recovered from the duffle bag were consistent with fibers removed from the trunk of Poe's car, which, when tested, revealed the presence of blood. A search of Poe's home revealed, among other things, a knife that both the victim's husband and father identified as belonging to the victim, and a strand of hair consistent with that of the victim's within Poe's underwear.

Prior to trial, Poe submitted a newspaper clipping and a copy of an investigative report conducted by the United States Navy, which he contended amounted to recent, widespread and highly damaging publicity in the local media and moved for a change of venue. Poe's motion came before the potential jurors were subjected to voir dire examination. On appeal, Poe contends that he established a reasonable likelihood that the pretrial publicity would prevent his receiving a fair trial without asserting that he was denied a fair trial as a result

of the pretrial publicity or of the denial of his motion for a change of venue.

When a defendant seeks a change of venue, the trial court should first resort to voir dire, absent extreme circumstances. United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991). In the most extreme cases of prejudicial publicity, such as the publication of a confession or if the publicity appears "inherently prejudicial," the court need not await demonstration of actual prejudice and may grant a change of venue without resorting to voir dire. Bakker, 925 F.2d at 732. The evidence presented by Poe did not rise to the level of an extreme circumstance. We therefore find that the district court did not abuse its discretion by denying Poe's motion for a change of venue and that Poe did not thereby suffer a violation of due process.

Poe next asserts that the grand jury indictment was not framed with sufficient specificity to enable him to prepare a proper defense or to minimize the possibility of surprise at trial because his counsel had to expend time and resources in order to ascertain the exact date and time that Poe was alleged to have killed the victim. An indictment must advise the defendant of the "nature and cause of the accusation in order that he may meet it and prepare for trial and, after judgment, be able to plead the record and judgment in bar of a further prosecution for the same offense." Wong Tai v. United States, 273 U.S. 77, 80-81 (1927); see United States v. American Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987). The district court denied Poe's motion for a bill of particulars and held that Poe was on sufficient notice to prepare a proper defense.

A motion for a bill of particulars functions to supply any essential detail which may have been omitted from the indictment. United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974). The disposition of a motion for a bill of particulars is left to the sound discretion of the trial court; absent an abuse of that discretion, its ruling will not be disturbed on appeal. Id. However, a defendant may show such an abuse of discretion by proving that he suffered an unfair surprise during the trial. United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir.), cert. denied, 474 U.S. 994 (1985); see also United States v. West, 877 F.2d 281, 293 (4th Cir.) (absent surprise there is no abuse of discretion in trial court's denial of a motion

3

for particulars), <u>cert. denied</u>, 493 U.S. 869, <u>and</u> 493 U.S. 959 (1989), <u>and</u> 493 U.S. 1070 (1990).

Even though the indictment did not provide the exact time of day or the precise location on the naval base that the offense occurred, it did provide sufficient notice to prepare a proper defense, and was of sufficient specificity to be used as proof to bar a subsequent prosecution for the same offense. Further, because there is no support for a claim of unfair surprise and because Poe was fairly and adequately apprised of the nature and the cause of the charges against him, the district court did not abuse its discretion in denying Poe's motion for a bill of particulars.

The district court also denied Poe's motion for a continuance. On appeal, Poe asserts that the denial of this motion deprived him of the opportunity to engage forensic experts and to have expert assistance with his defense. This assertion is directly refuted by the record. At least one month before trial the district court granted Poe's motion for the appointment of a forensic expert. But five days before the trial was expected to commence, Poe requested a continuance for the purpose of locating an expert forensic odontologist to rebut evidence anticipated to be presented by the Government.

Although the district court provided Poe with the names and locations of experts in the field of odontology to counter any potential surprise to Poe, the Government did not introduce any odontological evidence. Therefore, any error that may have resulted by failing to grant Poe's motion for a continuance was harmless. Fed. R. Crim. P. 52(a).

Poe also alleges that the district court erred when it allowed the Government to present rebuttal evidence describing the large number of knives found within his residence. He contends that because these weapons were not connected to the murder for which he was charged, that the Government was merely attempting to depict him as a violent person. The Government argued that the defense put the thoroughness of the search into question by presenting testimony that a second knife, identical to the one identified as belonging to the victim, was within the residence and not recovered by the investigators.

4

The admission of rebuttal evidence is well within the sound discretion of the trial court and is not reviewable on appeal absent an abuse of that discretion. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 791 F.2d 288, 294 (4th Cir. 1986); Williams v. United States, 151 F.2d 736 (4th Cir. 1945). However, Poe does not allege, nor does the record support, a finding that the trial court abused its discretion. We find that the rebuttal evidence was properly admitted. The district court did not abuse its discretion by permitting the jury to hear the additional details of the precision of the search and by allowing them to determine the persuasiveness and veracity of the testifying witnesses.

Poe next claims that the district court erred by refusing his proffered jury instruction on weaker or less satisfactory evidence. He contends that the Government failed to present any direct evidence of his involvement in the murder. The decision to give or not to give certain jury instructions, and the contents of the given instruction, are reviewed for abuse of discretion. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3479 (U.S. 1993). We have found none. The jury was instructed at trial that they were the sole judges of the weight of the presented evidence and the instructions as a whole were proper.

As a final note, Poe submitted a pro se letter expressing concern regarding the issues his counsel raised in this appeal. He contends that his best interests are not his counsel's top priority. But, absent a showing that the record conclusively demonstrates incompetence, which is not shown here, any claims for ineffective assistance of counsel can only be raised in a 28 U.S.C. § 2255 (1988) motion, and not in a direct appeal. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

Finding no reversible error, we hereby affirm Poe's conviction for first-degree murder. We dispense with oral argument because the

5

facts and legal contentions are adequately presented in the materials
before the Court and argument would not aid the decisional process.

AFFIRMED

6