**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTRANIK KHAJARIAN, | No. 11- 57200 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00096-ODW-SS |
| v. | |
| MICHAEL EVANS, Warden of Folsom State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted February 13, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and CARR, Senior District
Judge.[**]

Petitioner, Antranik Khajarian ("Khajarian"), appeals the district court's

denial of habeas relief.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James G. Carr, Senior United States District Judge for
the Northern District of Ohio, sitting by designation.

A Los Angeles superior court jury convicted Khajarian of one count of 2nd degree murder and three counts related to arson. Khajarian contends: 1) the trial court's erroneous response to a question from the jury constituted constitutional error; and 2) the error cannot be considered harmless.

At trial, the State presented persuasive evidence that Khajarian poured gasoline on the carpet near a heater in a room where his incapacitated grandmother lay sleeping. The State's psychologist testified Khajarian had a borderline personality disorder, but he stated Khajarian was sane at the time of the incident. The psychologist further testified Khajarian admitted to pouring gasoline on the carpet when he heard voices telling him to do so. In addition, the prosecutor presented evidence that: 1) Khajarian drove away from the scene shortly after the fire occurred; and 2) he had possessed a gas can similar to the one found at the scene.

During deliberations the jury asked: "Can we find defendant guilty of 2nd degree murder with a guilty on arson?" Despite both parties' requests, the district court erroneously responded in the affirmative. It is undisputed that the district court's instruction was at odds legally with California's felony murder rule, which required the jury to convict Khajarian of 1st degree murder if it convicted him of arson.

The district court had given the jury conventional California jury instructions on murder (CALJIC #8.10), 1st degree felony murder (#8.21), unpremeditated 2nd degree murder (express malice 2nd degree murder) (#8.30), 2nd degree murder resulting from an intentional act dangerous to life (implied malice 2nd degree murder) (#8.31), voluntary manslaughter (#8.40), involuntary manslaughter (#8.45), and how to resolve doubts about the degree of murder (#8.71).

The district court did not err in finding that the erroneous response to the jury's question did not violate Khajarian's right to due process.

As a general rule, a jury instruction that does not compel the State to prove every element of an offense violates due process. *See Middleton v. McNeal*, 541 U.S. 433, 437 (2004) (per curiam). However, not all jury instructions that misstate or omit elements of an offense necessarily violate due process. *Id.* An erroneous jury instruction violates due process only if there is a "reasonable likelihood" the jury applied the challenged instruction in a forbidden manner. *See Boyde v. California*, 494 U.S. 370, 380 (1990). A hypothesis or mere possibility that a jury reasoned in the prohibited manner, without more, is insufficient to show a reasonable likelihood. *Id.* at 380, n.4.

3

In determining whether a constitutional error occurred, a court must review the erroneous instruction in the context of the 1) jury instructions as a whole and 2) the trial record. *Waddington v. Sarausad*, 555 U.S. 179, 191 (2009). A jury is presumed to follow its instructions. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). Similarly, a jury is presumed to understand a judge's answer to its question. *Id.*

Khajarian speculates that the jurors may have interpreted the court's erroneous instruction as allowing them to convict him of "felony 2nd degree murder." If that occurred, Khajarian contends, the State was relieved of its burden of proving Khajarian had the requisite mens rea for 2nd degree murder—*i.e.*, express or implied malice.

Khajarian fails to present more than a mere hypothesis that the jury erroneously applied the jury instructions. The court provided the jurors with a proper written instruction on 1st degree felony murder and 2nd degree murder. Moreover, the record contained persuasive evidence from which the jury could have found the implied malice required for 2nd degree murder. In light of these considerations, Khajarian has failed to show that it is reasonably likely, as opposed to merely possible, that the jury erroneously applied the instructions.

However, even if Khajarian had persuaded us that the jurors erroneously applied the instructions, the district court correctly concluded the error was

4

harmless. This is so because, if anything, the erroneous instruction benefitted rather than harmed Khajarian.

"Trial-type" constitutional errors, if determined to be unimportant in the context of a particular case, "may, consistent with the Federal Constitution, be deemed harmless." *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993) (internal quotation marks omitted). A court performing a collateral review under 28 U.S.C. § 2254 must deem an error harmless unless the error "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 637 (internal quotation marks omitted); *Fry v. Pliler,* 551 U.S. 112, 116 (2007).

Absent a challenge to the sufficiency of the evidence for the arson conviction, Khajarian cannot challenge the jury's determination as to that count. *See Selvester v. United States*, 170 U.S. 262, 267 (1898) (stating each criminal count is "in fact and theory, a separate indictment") (internal quotation marks omitted); *see also United States v. Powell*, 469 U.S. 57, 66 (1984) (stating that "[s]ufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt").

Treating the arson conviction as a given, this Court can be certain that a rational jury, following the jury instructions, necessarily would have convicted

Khajarian of 1st degree murder under California's felony murder rule, but for the erroneous instruction. As a conviction of 1st degree murder carries more severe penalties than a conviction of 2nd degree murder, the district court correctly concluded the erroneous instruction, if anything, benefitted Khajarian. As such, it cannot be considered harmful.

**AFFIRMED.**

FILED

MAR 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Khajarian v. Evans, No. 11-57200

BERZON, Circuit Judge, concurring:

I would hold the challenged instruction constitutionally invalid. I therefore concur in the memorandum disposition only insofar as it holds any error harmless.