[No. 26497. Department One. April 26, 1937.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN DAVIS, *Respondent*.[1]

*Smith Troy, E. A. Philbrick*, and *Van R. Hinkle*, for appellant.

*William H. Grimm*, for respondent.

MAIN, J.—The information in this case contains three counts. In the first count, the defendant was charged with causing the death of a human being by the negligent and reckless driving of an automobile; in the second, with driving an automobile while intoxicated; and, in the third, with reckless driving. The cause was tried to the court and a jury, and resulted in a verdict of not guilty as to the first count, but no

[1]Reported in 67 P. (2d) 894.

verdict was returned either as to the second or third counts. Subsequently, the defendant moved for a dismissal as to the second and third counts, and the motion was sustained. From this judgment, the state appeals.

No statement of facts or bill of exceptions has been brought to this court. There appears in the transcript a copy of the clerk's minute entry at the time the verdict was returned. This recites that the foreman of the jury "informed the court that a verdict had been reached on count one, but that the jurors could not agree upon verdict on counts two and three." The verdict was received and read, and the jurors were then excused from "further consideration of this case." It thus appears that no record was made as to why the court discharged the jury without a verdict on counts two and three. To supplement this defect in the record, an affidavit was filed, which purported to show that the discharge of the jury as to counts two and three, without a verdict, was because there was no probability of their agreeing upon those counts.

This affidavit, however, is brought here in the transcript, and cannot be considered. Without assembling the cases, it is sufficient to say that it has many times been held by this court that affidavits used upon a hearing in the superior court must be brought here either by statement of facts or bill of exceptions.

We now come to the effect of the discharge of the jury without a verdict upon counts two and three, where the record does not show, as in this case, that the discharge was made because the court believed that there was no probability of the jury being able to reach a verdict.

Rem. Rev. Stat., § 353 [P. C. § 8517], provides that:

"The jury may be discharged by the court . . . after they have been kept together until it satisfac-

torily appears that there is no probability of their agreeing."

Construing this statute in *State v. Costello*, 29 Wash. 366, 69 Pac. 1099, it was held that it invested the trial court with a discretion to discharge the jury after it had been kept together until it should satisfactorily appear that there was no probability of their agreeing, and that this discretion must be based upon substantial grounds. In that case, immediately after quoting a portion of the statute, above quoted, it was said:

"By this section the lower court is invested with a discretion to discharge a jury after it has been kept together until it satisfactorily appears that there is no probability of their agreeing. This discretion must be based upon substantial grounds, and is subject to review like any other legal discretion."

In the present case, the record which we have a right to consider is silent as to the reason for the discharge of the jury by the court without verdicts upon counts two and three. The fact that the foreman of the jury informed the court that they could not reach a verdict on those counts does not make a record of the reason why the court so acted. It is a general rule, supported by the great weight of authority, that, where an indictment or information contains two or more counts and the jury either convicts or acquits upon one and is silent as to the other, and the record does not show the reason for the discharge of the jury, the accused cannot again be put upon trial as to those counts.

In *Selvester v. United States*, 170 U. S. 262, 18 S. Ct. 580, it was said:

"Doubtless, where a jury, although convicting as to some, are silent as to other counts in an indictment, and are discharged without the consent of the accused, as was the fact in the *Dealy case*, [*Dealy v. United States*, 152 U. S. 539] the effect of such discharge is

'equivalent to acquittal,' because, as the record affords no adequate legal cause for the discharge of the jury, any further attempt to prosecute would amount to a second jeopardy, as to the charge with reference to which the jury has been silent. But such obviously is not the case, where a jury have not been silent as to a particular count, but where, on the contrary, a disagreement is formally entered on the record. The effect of such entry justifies the discharge of the jury, and therefore a subsequent prosecution for the offence as to which the jury has disagreed and on account of which it has been regularly discharged, would not constitute second jeopardy."

In the case of *Linden v. United States*, 2 F. (2d) 817, to which appellant has called attention, it appears that, in that case, the jury were discharged "because of their disagreement."

Inasmuch as the record in this case does not show that the court exercised its discretion and discharged the jury because it believed that there was no probability of their agreeing, it cannot be held that the court was in error in entering the judgment of dismissal.

Had it been made to appear in the record that the court exercised its discretion and discharged the jury on counts two and three because it satisfactorily appeared that there was no probability of their agreeing upon a verdict on those counts, then the respondent could have been put on trial again as to counts two and three.

The judgment will be affirmed.

STEINERT, C. J., BLAKE, MILLARD, and GERAGHTY, JJ., concur.