132 P.3d 127 (2006)
STATE of Washington, Petitioner,
v.
Roy Bernard LINTON, Respondent.
No. 75784-4.
Supreme Court of Washington, En Banc.
Argued May 26, 2005.
Decided April 13, 2006.
As Amended June 19, 2006.
*128 Seth Aaron Fine, Snohomish County Prosecutor's Office, Everett, for Petitioner/Appellant.
*129 Dana M Lind, Nielsen Broman & Koch PLLC, Seattle, for Appellee/Respondent.
Lenell Rae Nussbaum, Seattle, for Amicus Curiae Washington Association of Criminal Defense Lawyers.
FAIRHURST, J.
¶ 1 Roy Bernard Linton was charged with first degree assault. A jury convicted him of second degree assault based on an instruction directing it to consider the lesser included offense of second degree assault if it acquitted Linton of first degree assault or if it was unable to agree on that charge. At the prosecutor's request, the trial judge asked the jury whether it was able to reach a verdict as to first degree assault and whether it would be able to do so with additional time. After the jury indicated that it would not be able to come to a unanimous verdict, the trial court declared the jury hopelessly deadlocked on first degree assault. The State sought to retry the defendant for first degree assault, but the trial court denied the State's motion on double jeopardy grounds. The Court of Appeals affirmed, reasoning that because the defendant was convicted of second degree assault, he was implicitly acquitted of first degree assault. We find that the trial court improperly inquired into the jury's reasoning on first degree assault. Had the judge not done so, there would have been an implied acquittal on first degree assault, but not for the reasons put forth by the Court of Appeals. We therefore affirm the Court of Appeals based on different reasoning.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 2 Linton was charged with first degree robbery and first degree assault. The trial court instructed the jury that if they found Linton not guilty of first degree assault or, if after full and careful consideration they were not able to agree on disposition of that crime, then the jury should consider the lesser included crime of second degree assault.[1] During deliberations, the jury submitted a note to the trial court stating that it was 11 to 1 for a guilty verdict on first degree assault and asking whether it had to submit a guilty verdict for second degree assault or whether it was a hung jury for first degree assault. The court directed the jury to reread the instructions, particularly instruction 23. Instruction 23 lays out how the jury should proceed. With respect to the assault charges, it provides:
You will next consider the crime of Assault in the First Degree as charged in Count II. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach. If you cannot agree on a verdict, do not fill in the blank provided in verdict form B.
If you find the defendant guilty on verdict form B, do not use verdict form C. If you find the defendant not guilty of the crime of Assault in the First Degree, or if after full and careful consideration of the evidence you cannot agree on that crime, you will consider the lesser crime of Assault in the Second Degree. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form C the words "not guilty" or the word "guilty," according to the decision you reach. If you cannot agree on a verdict, do not fill in the blank provided in verdict form C.
Clerk's Papers (CP) at 93.
¶ 3 The jury found Linton not guilty of robbery. The jury entered the following verdict on second degree assault on verdict form C:
We, the jury, having found the defendant, Roy B. Linton, not guilty of the crime of Assault in the First Degree as charged in Count II, or being unable to unanimously agree as to that charge, find the defendant guilty of the lesser included crime of Assault in the Second Degree.
CP at 63; Verbatim Report of Proceedings (VRP) at 429. The jury left blank verdict form B.
*130 ¶ 4 The judge directed the clerk to ask each juror whether the verdict she read constituted his or her verdict in order to assure the court that the verdict was unanimous. VRP at 429. Each juror responded that the statement represented his or her verdict, and the judge accepted and filed the verdict. VRP at 429-30. The State then requested the trial judge to ask each juror whether they were able to reach a verdict on first degree assault and whether they would be able to given more time. VRP at 430-31. Defense counsel objected on the basis that the jury had reached a verdict. VRP at 431. Yet the judge asked the presiding juror, based on the comments and question the jury sent out, whether the jury would be able to arrive at a unanimous verdict on first degree assault if given more time. VRP at 431. The presiding juror responded that they believed that based on the evidence, the jury would not be able to come to a unanimous verdict with additional time. VRP at 431.
¶ 5 The trial judge entered a finding that the jury was hopelessly deadlocked on first degree assault, declared a mistrial as to that charge, and discharged the jury with Linton's consent. The State then filed a motion for retrial on first degree assault. The trial court denied the State's motion on double jeopardy grounds and imposed an exceptional sentence for the second degree assault conviction.[2]
¶ 6 The State appealed the trial court's denial of its motion for retrial on first degree assault. The Court of Appeals affirmed in a published opinion. State v. Linton, 122 Wash.App. 73, 93 P.3d 183 (2004). We granted the State's subsequent petition for review. State v. Linton, 153 Wash.2d 1017, 108 P.3d 1229 (2005).

II. ISSUE
¶ 7 Was there an implied acquittal here barring retrial on first degree assault on double jeopardy grounds?

III. ANALYSIS
¶ 8 The United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Washington Constitution provides that no person shall "be twice put in jeopardy for the same offense." WASH. CONST. art. I, § 9. "The federal and state [double jeopardy] provisions afford the same protections and are `identical in thought, substance, and purpose.'"[3]In re Pers. Restraint of Davis, 142 Wash.2d 165, 171, 12 P.3d 603 (2000) (quoting State v. Schoel, 54 Wash.2d 388, 391, 341 P.2d 481 (1959)).
¶ 9 The double jeopardy doctrine protects a criminal defendant from being (1) prosecuted a second time for the same offense after acquittal, (2) prosecuted a second time for the same offense after conviction, and (3) punished multiple times for the same offense. State v. Graham, 153 Wash.2d 400, 404, 103 P.3d 1238 (2005); see also Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by, Alabama v. Smith, 490 U.S. 794, *131 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). But, the protection against double jeopardy attaches only when "some event, such as an acquittal, . . . terminates the original jeopardy." Richardson v. United States, 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).
¶ 10 The Court of Appeals here held that the jury's "conviction on second degree assault operated as an acquittal on first degree assault and thus terminated jeopardy as to first degree assault" such that retrial on first degree assault would violate Linton's right against double jeopardy. Linton, 122 Wash. App. at 80, 93 P.3d 183. The State argues that because the trial court found that the jury was hopelessly deadlocked on first degree assault, there was no implied acquittal and Linton can be retried on that charge under the hung jury rule. Linton asserts that double jeopardy protections one and two apply herethat the conviction on second degree assault was an implied acquittal of first degree assault, barring retrial for first degree assault, and that conviction of second degree assault bars retrial for first degree assault, the same offense for double jeopardy purposes. We review questions of law de novo. Graham, 153 Wash.2d at 404, 103 P.3d 1238.
¶ 11 Acquittal of an offense terminates jeopardy and prohibits the State from trying the defendant a second time for the same offense. The United States Supreme Court has held that where a jury considers multiple offenses and renders a guilty verdict as to some but is silent on others, and the record does not show the reason for the discharge of the jury, the verdict is the equivalent of an acquittal for those offenses on which the jury was silent. Green v. United States, 355 U.S. 184, 191, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); see also Price v. Georgia, 398 U.S. 323, 328-29, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). This court also has adopted the implied acquittal doctrine. In Schoel, a jury was given options of finding a defendant guilty of first degree murder, second degree murder, manslaughter, or finding the defendant not guilty of any such crime. 54 Wash.2d at 394, 341 P.2d 481. Where the jury found the defendant guilty of second degree murder but left the other verdict forms blank, this court held that the jury had implicitly acquitted the defendant of first degree murder. Id; see also State v. Anderson, 96 Wash.2d 739, 742, 638 P.2d 1205 (1982).
¶ 12 However, numerous courts have distinguished between the situation where a jury convicts on one or more offenses but is silent as to others, and the situation where a jury is explicitly deadlocked on an offense, reasoning that we cannot infer an acquittal where a jury is hung. The United States Supreme Court explicitly distinguished between implicit acquittal and a hung jury in Selvester v. United States, 170 U.S. 262, 269, 18 S.Ct. 580, 42 L.Ed. 1029 (1898). The Court stated:
Doubtless, where a jury, although convicting as to some, are silent as to other counts in an indictment, and are discharged without the consent of the accused,. . . the effect of such discharge is "equivalent to acquittal" . . . . But such obviously is not the case, where a jury have not been silent as to a particular count, but where, on the contrary, a disagreement is formally entered on the record. The effect of such entry justifies the discharge of the jury, and therefore a subsequent prosecution for the offence as to which the jury has disagreed and on account of which it has been regularly discharged, would not constitute second jeopardy.
Id. at 269, 18 S.Ct. 580 (emphasis added).
¶ 13 The Court of Appeals came to the conclusion asserted by the State in State v. Kirk, 64 Wash.App. 788, 789-90, 828 P.2d 1128 (1992). Like the situation here, the jury in Kirk entered a guilty verdict on a lesser included offense without making a determination on the greater offense. Id. at 790, 828 P.2d 1128. After the court arrested judgment on the lesser included offense because it was barred by a statute of limitations, the court allowed retrial on the greater offense. Id. On appeal, the Court of Appeals reasoned that "we cannot infer a verdict of not guilty from the record . . . . The record discloses that the jurors were unable to *132 agree on the greater offense." Id. at 792, 828 P.2d 1128. But, the court went on to conclude that there was insufficient evidence that discharge of the jury was necessary for the administration of justice. Id. at 794, 828 P.2d 1128.
¶ 14 The Court of Appeals even more recently implied the distinction at issue here between implicit acquittal and explicit deadlock. In State v. Daniels, the Court of Appeals entertained a double jeopardy challenge to retrial for homicide by abuse where a jury was silent on that charge but convicted the defendant of second degree murder, which was later overturned. 124 Wash.App. 830, 836-37, ¶¶ 16-17, 842-44, ¶¶ 31-40, 103 P.3d 249 (2004). The court considered whether the jury implicitly acquitted the defendant of homicide by abuse when it convicted her of second degree felony murder. Id. at 842-44, ¶¶ 31-40, 103 P.3d 249. In doing so, the court discussed our opinion in State v. Davis, 190 Wash. 164, 67 P.2d 894 (1937), where we reasoned that "`where an indictment or information contains two or more counts and the jury either convicts or acquits upon one and is silent as to the other, and the record does not show the reason for the discharge of the jury, the accused cannot again be put upon trial as to those counts.'" Daniels, 124 Wash.App. at 843, ¶ 34, 103 P.3d 249 (quoting Davis, 190 Wash. at 166, 67 P.2d 894). The Court of Appeals stressed that this court had reasoned that because the jury was silent as to some counts and the record did not show why the jury was discharged, it must be assumed for double jeopardy purposes that the jury had acquitted the defendant of those charges on which it was silent. Id. at 843, ¶ 35, 103 P.3d 249. ("[T]he Davis court also noted that, had something in the record explained why the court discharged the jury, the explanation might allow the State to retry Davis on both counts.") The court then concluded that in its case the jury's silence on the greater offense was an implicit acquittal. Id. at 843-44, ¶¶ 38-40.
¶ 15 Other jurisdictions have made the distinction for double jeopardy purposes between silence and express inability to reach a unanimous resolution. United States v. Allen, 755 A.2d 402, 408-10 (D.C.App.2000) (holding that where the jury was unable to agree on the greater offense but issued a guilty verdict on a lesser offense, the hung jury rule, not the implied acquittal doctrine, governed and allowed retrial on the greater offense); United States v. Bordeaux, 121 F.3d 1187, 1193 (8th Cir.1997) (holding that "where the jury expressly indicates that it is unable to reach an agreement on the greater charge, a conviction on a lesser included offense does not constitute an implied acquittal of the greater offense and presents no bar to retrial on the greater offense."); People v. Fields, 13 Cal.4th 289, 295-96, 302, 305, 914 P.2d 832, 52 Cal.Rptr.2d 282 (1996) (holding that conviction of a lesser included offense was not an implied acquittal of the greater offense on which the jury expressly deadlocked);[4]State v. Martinez, 1995-NMSC-73, 120 N.M. 677, 677-78, 680, 905 P.2d 715 (holding that the jury's inability to agree on attempted murder was not an implied acquittal on that charge despite its conviction on aggravated battery); see also Haddix v. State, 827 N.E.2d 1160 (Ind.Ct.App.2005); People v. Craig, 38 Cal.App.4th 1018, 45 Cal. Rptr.2d 777, 783-84 (1995).[5]
¶ 16 The Court of Appeals concluded that Linton was impliedly acquitted of first degree assault when the jury convicted him of second degree assault. We do not believe that there was an implied acquittal based on silence here because the court inquired and the jury articulated that it was unable to agree on the first degree assault charge and the judge then declared the jury hopelessly deadlocked. But given the unable to agree jury instruction and the verdict on second degree assault, the trial judge erred by inquiring into the jury's thinking about *133 the first degree assault charge.[6]
¶ 17 Neither parties nor judges may inquire into the internal processes through which the jury reaches its verdict. See Breckenridge v. Valley Gen. Hosp., 150 Wash.2d 197, 204, 75 P.3d 944 (2003).
The mental processes by which individual jurors reached their respective conclusions, their motives in arriving at their verdicts, the effect the evidence may have had upon the jurors or the weight particular jurors may have given to particular evidence, or the jurors' intentions and beliefs, are all factors inhering in the jury's processes in arriving at its verdict, and, therefore, inhere in the verdict itself.
Cox v. Charles Wright Acad., Inc., 70 Wash.2d 173, 179-80, 422 P.2d 515 (1967); see also State v. Ng, 110 Wash.2d 32, 43, 750 P.2d 632 (1988) ("The individual or collective thought processes leading to a verdict `inhere in the verdict' and cannot be used to impeach a jury verdict." (quoting State v. Crowell, 92 Wash.2d 143, 146, 594 P.2d 905 (1979))). Considerations that "inhere" in the jury's verdict may not be considered by the court or the parties. Ayers v. Johnson & Johnson Baby Prods. Co., 117 Wash.2d 747, 768-70, 818 P.2d 1337 (1991); State v. Marks, 90 Wash.App. 980, 986, 955 P.2d 406 (1998) ("Matters that inhere in the verdict are beyond inquiry."). The trial judge's inquiry into the verdict is limited to polling members of the jury to ensure that the verdict read is the actual verdict of each individual. See 13 ROYCE A. FERGUSON, JR., WASHINGTON PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 4614, at 320-21 (2004); see also WASHINGTON PRACTICE § 4617, at 324 ("Public policy forbids inquiring into the privacy of the jury's deliberations."). Furthermore, "`[Q]uestions from the jury are not final determinations, and the decision of the jury is contained exclusively in the verdict.'" Ng, 110 Wash.2d at 43, 750 P.2d 632 (quoting State v. Miller, 40 Wash.App. 483, 489, 698 P.2d 1123 (1985)). "[J]urors' post-verdict statements regarding matters which inhere in the verdict cannot be used to attack the jury's verdict." Ng, 110 Wash.2d at 44, 750 P.2d 632.
¶ 18 Based on the way the second degree instruction and verdict forms were written, allowing the jury to choose between acquittal and lack of resolution on first degree assault before moving to second degree assault, the jury's disposal of first degree assault is one of those elements that inheres in its verdict on second degree assault. The jury's resolution on first degree assault is therefore beyond the realm of inquiry. Where an unable to agree instruction is used which allows the jury to move on to a lesser included offense when it acquits or is unable to agree on the greater charge, and the jury does move on without entering a verdict, the jury will necessarily remain "silent" on the greater offense. Had the trial court limited its inquiry into whether each juror agreed with the verdict as it was stated, the jury would have remained "silent" on first degree assault. Under the implied acquittal doctrine then, the judge would have had to conclude that the jury implicitly acquitted Linton of first degree assault.

IV. CONCLUSION
¶ 19 Where an unable to agree instruction is used and the jury convicts the defendant of the lesser included offense, it will necessarily remain silent on the greater offense and therefore implicitly acquit the *134 defendant of the greater offense. Therefore, we affirm the Court of Appeals' ultimate holding, based on slightly different reasoning clarifying application of the implied acquittal doctrine. Because we affirm the Court of Appeals on implied acquittal of first degree assault, we do not reach Linton's second argument regarding his conviction on second degree assault barring retrial on first degree assault, the "same offense" for double jeopardy purposes.
Concurring: C. JOHNSON, MADSEN and OWENS, JJ.
SANDERS, J. (concurring).
¶ 20 The majority affirms the Court of Appeals by finding error in the trial court's inquiry to the jury and holding that in its absence the jury's silence on the greater offense of assault in the first degree would have implicitly acquitted Roy Linton of that charge. While I agree with the majority's ultimate resolution, I write separately because, as the majority itself notes, there was no implied acquittal based on silence in this case. Majority at 132. Instead I would hold Linton's retrial for first degree assault is barred by his conviction for second degree assault, the same offense for double jeopardy purposes.
¶ 21 The United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Washington Constitution provides that "[n]o person shall . . . be twice put in jeopardy for the same offense." WASH. CONST. art. I, § 9. These clauses are "identical in thought, substance, and purpose." State v. Schoel, 54 Wash.2d 388, 391, 341 P.2d 481 (1959). The double jeopardy clause protects defendants from a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). "[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. United States, 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).
¶ 22 "As a general rule, jeopardy terminates with a conviction that becomes unconditionally final, but not with a conviction that the defendant successfully appeals." State v. Corrado, 81 Wash.App. 640, 647, 915 P.2d 1121 (1996) (footnote omitted). Put differently, jeopardy terminates once "the State has hadbut not before the State has had one full and fair opportunity to prosecute." Corrado, 81 Wash.App. at 645-46, 915 P.2d 1121. In the instant case the State has had such an opportunity, and it secured a conviction for second degree assault. Linton's conviction became final once the jury was discharged and he elected not to appeal the resulting judgment.
¶ 23 The sole remaining question is whether second degree assault is the same offense as first degree assault in the context of double jeopardy analysis. "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). As a lesser included offense, second degree assault does not require the prosecution establish any elements not already a part of first degree assault.[1]See RCW 9A.36.011(1)(a), (c); .021(1)(a); see also Brown, 432 U.S. at 168, 97 S.Ct. 2221 ("As is invariably true of a greater and lesser included offense, the lesser offensejoyriding requires no proof beyond that which is required for conviction of the greaterauto theft."). Therefore under the Blockburger test the two crimes are the same offense within the framework of double jeopardy analysis. Once Linton's conviction for second degree assault became final, the jeopardy on that offense terminated and a second *135 prosecution for first degree assault, the same offense for the purposes of double jeopardy, is barred. Brown, 432 U.S. at 165, 97 S.Ct. 2221; see also Green v. United States, 355 U.S. 184, 191, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) (stating that "[a]fter the original trial, but prior to his appeal, it is indisputable that Green could not have been tried again for first degree murder" where the jury was dismissed without returning a verdict on a first degree murder charge but after convicting Green of second degree murder).
¶ 24 The State's argument jeopardy continued because the jury explicitly hung on the first degree assault charge is unpersuasive. While the State correctly notes a declaration of mistrial resulting from a hung jury does not terminate jeopardy, the second prosecution for first degree assault in this case is precluded not by the fact the jury did not render a verdict on that charge, but rather because it did convict Linton of second degree assault. As discussed above, once the second degree assault conviction became final, it terminated jeopardy with respect to that charge, precluding retrial for first degree assault.
¶ 25 This result is consistent with the policy rationales underlying our endorsement of the unable-to-agree jury instruction discussed in State v. Labanowski, 117 Wash.2d 405, 816 P.2d 26 (1991). Allowing juries to return a verdict on the lesser included offense when they cannot agree on the greater charge "allows the jury to correlate more closely the criminal acts with the particular criminal conviction" and "promotes the efficient use of judicial resources." Labanowski, 117 Wash.2d at 420, 816 P.2d 26. The "unable to agree" instruction "facilitates the Government's chances of getting a conviction for something, although at the risk of not getting the one that it prefers." Id. at 421, 816 P.2d 26 (quoting United States v. Tsanas, 572 F.2d 340, 346 (2d Cir.1978)). Permitting the State to retry Linton after securing a conviction for the lesser included offense would not only "burden [the] defendant while allowing the State to benefit from `dress rehearsals,'" Labanowski, 117 Wash.2d at 420, 816 P.2d 26, it would also allow the State to reap the benefits of the unable-to-agree instruction without bearing any of the associated risk. Nothing in our double jeopardy jurisprudence requires such result.
¶ 26 I would hold that where the jury is hung on the greater charge but convicts of the lesser included charge, and the conviction of the lesser included charge is not overturned on appeal, the conviction, once final, terminates jeopardy, and the defendant cannot be retried for the greater charge if it constitutes the same offense for double jeopardy purposes.
¶ 27 For the foregoing reasons I concur that the Court of Appeals should be affirmed.
Concurrence: ALEXANDER, C.J., J.M. JOHNSON, and BRIDGE, JJ.
CHAMBERS, J. (concurring).
¶ 28 I join the court in our quest to find the correct result in this case. Although I arrived at the same end as my colleagues Justice Fairhurst and Justice Sanders, I made my way over different, easier grounds. I found it unnecessary to enter the murky waters of implied acquittal or climb the lofty mountains of double jeopardy. The legislature has provided us firm statutory ground upon which to make our journey, and we should keep our feet on the path laid down.
¶ 29 Under our legal system, both the prosecutor and the accused must make many difficult choices. If the prosecutor charges and attempts to prove too high a degree of crime, she risks acquittal. If the prosecutor charges and proves too low a degree of crime, there is a risk that the accused will be convicted but receive an unjustly light punishment. If the prosecutor seeks a lesser included offense instruction, she takes a risk that the jury may compromise on a lesser degree. Cf. State v. Labanowski, 117 Wash.2d 405, 420, 816 P.2d 26 (1991).
¶ 30 The accused is faced with similarly difficult choices. If the facts support it, the accused can seek, and is entitled to, an instruction on a lesser included offense. State v. Gallagher, 4 Wash.2d 437, 447, 103 P.2d 1100 (1940). Or if the accused believes that he has been overcharged, he may choose to not offer an instruction on a lesser included *136 offense in hopes of a clean acquittal. If the question is debatable, the accused may be wise to offer an instruction on a lesser included offense and thereby give the jury a choice of convicting on a lesser degree of offense.
¶ 31 The process is designed in part to ensure the accused is charged and convicted of the proper degree of the crime. To ensure this process works, and to ensure that a person is not tried twice for the same criminal act, the legislature has legislated:
Whenever a defendant shall be acquitted or convicted upon an indictment or information charging a crime consisting of different degrees, he cannot be proceeded against or tried for the same crime in another degree, nor for an attempt to commit such crime, or any degree thereof.
RCW 10.43.050.[1]But see State v. Ahluwalia, 143 Wash.2d 527, 22 P.3d 1254 (2001).[2] We need to journey no further than this statute for it contains the answers we seek.
¶ 32 Here Roy Bernard Linton went to trial on a charge of first degree assault. The jury was instructed upon, and returned a verdict in favor of, the lesser included offense of second degree assault. By the plain language of RCW 10.43.020 and .050, the legislature has provided its own protection against successive trials where an accused has been either convicted or acquitted for any degree of that offense. Cf. State v. Brown, 127 Wash.2d 749, 756-57, 903 P.2d 459 (1995) (after a successful appeal, a "defendant cannot be retried on charges greater than the charge for which he was convicted.") (citing State v. Markle, 118 Wash.2d 424, 440, 823 P.2d 1101 (1992)); see also generally Labanowski, 117 Wash.2d 405, 816 P.2d 26 (laying out benefits of implied acquittal approach).
¶ 33 Not only does application of this statute greatly decrease the chance that the State will violate the double jeopardy clause, it serves the salutatory purpose of, most of the time, giving the State only one bite at the apple of conviction. See generally Labanowski, 117 Wash.2d at 420, 816 P.2d 26 (surveying costs and burdens imposed by successive trials). Under our statutory law, Linton should not have been placed twice in jeopardy. RCW 10.43.020, .050. Accord Brown, 127 Wash.2d at 756-57, 903 P.2d 459; California v. Fields, 13 Cal.4th 289, 296, 914 P.2d 832, 52 Cal.Rptr.2d 282 (1996). We need go no further than that.
¶ 34 Because I believe that the correct result has been reached, I respectfully concur in result.
NOTES
[1] In State v. Labanowski, 117 Wash.2d 405, 423, 816 P.2d 26 (1991), this court held that the "unable to agree" instructiondirecting the jury to move to a lesser offense if it acquitted the defendant of the greater crime or if it was unable to agree on the greater crimewas the correct instruction as between it and one requiring acquittal before moving to the lesser crime.
[2] Although an exceptional sentence was imposed, no Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), argument has been made to the court.
[3] Linton and amicus curiae Washington Association of Criminal Defense Lawyers (WACDL) argue that even if we hold that federal case law interpreting double jeopardy does not bar retrial on first degree assault, we should find that the Washington Constitution provides greater protection and prohibits retrial here. This court has repeatedly held that the Washington double jeopardy clause found in article I, section 9 and the federal double jeopardy clause in the Fifth Amendment are essentially identical and afford the same protections. In re Pers. Restraint of Davis, 142 Wash.2d 165, 171, 12 P.3d 603 (2000); State v. Gocken, 127 Wash.2d 95, 102, 896 P.2d 1267 (1995); State v. Ridgley, 70 Wash.2d 555, 556, 424 P.2d 632 (1967); State v. Schoel, 54 Wash.2d 388, 391, 341 P.2d 481 (1959). Furthermore, we have previously conducted a Gunwall analysis under State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808 (1986), on this issue and concluded that the Washington Constitution provides no greater protection from double jeopardy than does the United States Constitution. Gocken, 127 Wash.2d at 107, 896 P.2d 1267. The arguments made by Linton and WACDL in favor of a different result here do not persuade us to alter our interpretation of the Washington double jeopardy clause.
[4] But the court found that a state statute went beyond double jeopardy protections and independently barred retrial on the greater offense. People v. Fields, 13 Cal.4th at 305-07, 52 Cal.Rptr.2d 282, 914 P.2d 832.
[5] This is not an exhaustive discussion of relevant cases from other jurisdictions.
[6] Although defense counsel objected to the State's request that the trial court ask the jury about the first degree assault charge, Linton abandoned the argument that the trial court's inquiry was error on appeal. However, both parties have fully briefed the issue of whether the jury impliedly acquitted Linton or whether they were hopelessly deadlocked on the first degree assault charge. The trial court's improper inquiry is critical to this determination because it ended the jury's silence on the greater charge. As this court has previously stated, "[c]ourts are created to ascertain the facts in a controversy and to determine the rights of the parties according to justice. Courts should not be confined by the issues framed or theories advanced by the parties if the parties ignore the mandate of a statute or an established precedent." Maynard Inv. Co. v. McCann, 77 Wash.2d 616, 623, 465 P.2d 657 (1970). Here, established precedent indicates that the trial court's inquiry to the jury was error. Therefore, it is proper for this court to consider the impact of the trial court's error on the determination of whether the jury was hopelessly deadlocked.
[1] The information charged Linton with second degree assault (reckless infliction of substantial bodily harm under RCW 9A.36.021(1)(a)), and the amended information charged him with first degree assault (assault with a firearm and any deadly weapon and by any force likely to produce great bodily harm or death under RCW 9A.36.011(1)(a) and (c)). Clerk's Papers at 97-98.
[1] RCW 10.43.050 must be read in conjunction with RCW 10.43.020:

Offense embraces lower degree and included offenses. When the defendant has been convicted or acquitted upon an indictment or information of an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment or information for the offense charged in the former, or for any lower degree of that offense, or for an offense necessarily included therein.
RCW 10.43.020.
[2] For the reasons recited in my Ahluwalia dissent, I believe it should be overruled. We have incorrectly read the statute, and our misreading is actually harmful to our state's jurisprudence. See Ahluwalia, 143 Wash.2d at 542-46, 22 P.3d 1254 (Chambers, J., dissenting); see also Greene v. Rothschild, 68 Wash.2d 1, 8, 402 P.2d 356, 414 P.2d 1013 (1965) (articulating governing rules for overruling cases).