189 P.3d 209 (2008)
STATE of Washington, Respondent,
v.
Michael SCOTT, Appellant.
No. 58285-2-I.
Court of Appeals of Washington, Division 1.
July 21, 2008.
*210 Washington Appellate Project, Attorney at Law, Oliver Ross Davis, Washington Appellate Project, Seattle, WA, for Appellant.
Prosecuting Atty King County, King Co Pros/App Unit Supervisor, Andrea Ruth Vitalich, King County Prosecutor's Office, Seattle, WA, for Respondent.
SCHINDLER, C.J.
¶ 1 Michael Scott challenges his conviction of manslaughter in the first degree for strangling Mark Cano to death as a violation of the federal and state prohibition against double jeopardy. Scott was originally charged with murder in the second degree committed by the alternative means of intentional murder or felony murder predicated on assault in the second degree. In the first trial, the jury unanimously found Scott guilty of murder in the second degree as charged. The jury was instructed that they had to unanimously agree that Scott was guilty of murder in the second degree but they did not have to unanimously agree on the alternative means. However, a special interrogatory asked the jury whether they unanimously agreed on the alternative means of committing murder in the second degree by marking "neither, one, or both as applicable." In response, the jury left the box next to intentional murder blank but checked the box next to felony murder.
¶ 2 After the Washington supreme court's decisions in In re Personal Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002), and In re Personal Restraint of Hinton, 152 Wash.2d 853, 100 P.3d 801 (2004), Scott filed a motion to vacate his conviction for murder in the second degree. As a result of the supreme court decision in Andress that assault cannot serve as a predicate crime to convict a defendant of felony murder in the second degree, we vacated Scott's conviction. On remand, a jury convicted Scott of manslaughter in the first degree. In this appeal, Scott claims his conviction violates double jeopardy. Scott argues the jury in the first trial impliedly acquitted him of murder in the second degree by not indicating that they unanimously agreed on the alternative means of intentional murder. We reject Scott's argument. The jury unanimously found Scott *211 guilty of the crime of murder in the second degree. Because the jury was instructed that it did not have to unanimously agree on the alternate means of intentional or felony murder predicated on assault, the answers to the special interrogatory are of no consequence to the jury's finding of guilt or to double jeopardy. We hold that the State's decision to try Scott on manslaughter, a lesser included offense of intentional murder, does not implicate double jeopardy and affirm Scott's conviction for manslaughter in the first degree.

FACTS
¶ 3 On December 9, 2000, Michael Scott and Mark Cano went to a hockey game together and had drinks before and after the game. The two of them returned to Scott's apartment around 1:00 a.m. Just before 6:00 a.m., Scott called 911. Scott was hysterical and reported his friend was on the floor. When the police arrived, Scott was lying on top of Cano's body crying, "[h]e's dead, he's dead." As they were trying to revive Cano, Scott interfered and threw himself on Cano's body, crying hysterically. According to the police, evidence of a fight was apparent. There was blood spatter on a wall in the apartment and broken furniture. Cano was bleeding from his nose and mouth. There was blood on his face and abrasions on his head, neck, and arms. A large patch of Cano's scalp that was torn off of his head was located near his body. Several dog collar chains were also located near Cano's body, including a dog collar choke chain. Scott told the police that Cano went outside and a few minutes later banged the door open, staggered inside, and fell face first onto the coffee table. Scott said that when he could not get Cano to respond, he called 911. The medical examiner determined that the cause of death was asphyxiation by a ligature consistent with the dog collar choke chain found near Cano in the apartment.
¶ 4 By amended information, the State charged Scott with murder in the second degree committed by the alternative means of intentional murder or felony murder predicated on second degree assault in violation of former RCW 9A.32.050(1)(a) and RCW 9A.32.050(1)(b) (2000). The court instructed the jury that to convict Scott as charged, the jury had to unanimously agree on murder in the second degree, but the jury did not have to unanimously agree on the alternative means of committing the crime. The court also instructed the jury, if they did not unanimously agree on murder in the second degree, to consider the lesser included crimes of manslaughter in the first and second degree. The jury found Scott guilty of murder in the second degree. The verdict form states that if the jury unanimously agreed that Scott committed murder in the second degree, the jury should then answer a special interrogatory. The special interrogatory asks the jury to indicate whether they unanimously agreed on the alternative means by marking "neither, one, or both as applicable" next to intentional murder and felony murder. The jury left the box next to intentional murder blank, but checked the box next to felony murder. The concluding instruction also told the jury that if they unanimously agreed that Scott was guilty of murder in the second degree, the jury should not consider manslaughter in the first or second degree. Because the jury agreed Scott was guilty of the crime of murder in the second degree, the verdict forms for manslaughter in the first degree and manslaughter in the second degree, Verdict Forms B and C, were not filled out. Verdict Forms B and C state "."[1]
¶ 5 The court imposed a standard range sentence of 220 months for murder in the second degree based on the alternative means of felony murder predicated on assault, former RCW 9A.32.050(1)(b). Scott appealed his conviction.
¶ 6 While the appeal was pending, our supreme court decided Andress and held that second degree murder based on assault was a nonexistent crime. In Hinton, the court held that the Andress decision applied retroactively to all defendants convicted under former RCW 9A.32.050(1)(b). Based on Andress and Hinton, we granted Scott's motion *212 to vacate his conviction for murder in the second degree.
¶ 7 On remand, the State filed an amended information charging Scott with intentional murder in the second degree. Scott filed a motion to dismiss, arguing the charge violated double jeopardy. In response, the State conceded it could not retry Scott for intentional murder in the second degree. The State then filed a second amended information charging Scott with manslaughter in the first degree. The trial court ruled that double jeopardy barred the State from retrying Scott on the charge of intentional murder in the second degree, but the State could retry Scott on the manslaughter in the first degree charge. The court concluded, based on the jury instructions in the first trial, that the jury did not consider the crimes of manslaughter in the first or second degree.[2] The trial on the amended information began in April 2006. At the conclusion of the trial, the jury convicted Scott of manslaughter in the first degree. The court imposed a standard range sentence of 125 months. Scott appeals, arguing his conviction violates double jeopardy. On appeal, the State asserts the concession that the State could not charge Scott with intentional murder in the second degree was erroneous.

ANALYSIS
¶ 8 Scott claims his conviction of manslaughter in the first degree violates double jeopardy. Scott contends the State was barred from prosecuting him for a second time on the lesser included crime of manslaughter in the first degree because the jury in the first trial impliedly acquitted him of intentional murder in the second degree. Whether Scott's conviction violates double jeopardy is a question of law we review de novo. State v. Jackman, 156 Wash.2d 736, 746, 132 P.3d 136 (2006).
¶ 9 The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington State Constitution, prevent the State from putting a person in jeopardy twice for the same crime.[3] Because the federal and state double jeopardy clauses are identical in substance and purpose, we interpret them in the same way. State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1965); In re Pers. Restraint of Davis, 142 Wash.2d 165, 171, 12 P.3d 603 (2000).
¶ 10 Double jeopardy bars retrial on the same crime if three requirements are met: (1) jeopardy previously attached, (2) jeopardy terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law. State v. Corrado, 81 Wash.App. 640, 645, 915 P.2d 1121 (1996). Here, the only dispute is whether jeopardy terminated on the alternative means of intentional murder in the second degree under RCW 9.94A.050(1)(a).
¶ 11 By its own terms, the Double Jeopardy Clause only applies if "there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. Unites States, 468 U.S. 317, 325, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); Corrado, 81 Wash.App. at 646-47, 915 P.2d 1121. The Double Jeopardy Clause prohibits a second trial on the same charge, regardless of whether the acquittal is express or implied. Green v. United States, 355 U.S. 184, 190-91, 78 S.Ct. 221, 2 L.E.2d 199 (1957); State v. Davis, 190 Wash. 164, 166, 67 P.2d 894 (1937). Insufficient evidence is also treated as an acquittal barring retrial on the same offense "because no rational trier of fact could find all essential elements of the crime charged." Corrado, 81 Wash.App. at 647, 915 P.2d 1121; Tibbs v. Florida, 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
¶ 12 A jury's conviction on one charge but silence on another charge can constitute an implied acquittal terminating jeopardy. *213 Green, 355 U.S. at 190-91, 78 S.Ct. 221; Davis, 190 Wash. at 167, 67 P.2d 894. "[W]here a jury, although convicting as to some, are silent as to other counts in an indictment, and are discharged without the consent of the accused ... the effect of such discharge is `equivalent to acquittal'...." Selvester v. United States, 170 U.S. 262, 269 18 S.Ct. 580, 42 L.Ed. 1029 (1898).
¶ 13 However, the implied acquittal doctrine does not apply if the jury fails to agree and the disagreement is evident from the record. State v. Ervin, 158 Wash.2d 746, 752-53, 147 P.3d 567 (2006). The Supreme Court and our appellate courts have also expressly held that jeopardy continues and the Double Jeopardy Clause does not prevent a second trial when the conviction has been set aside on any ground other than insufficiency of the evidence. Price v. Georgia, 398 U.S. 323, 326, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); State v. Daniels, 160 Wash.2d 256, 156 P.3d 905 (2007); Corrado, 81 Wash.App. at 647-48, 915 P.2d 1121. Consequently, a defendant's successful appeal of a conviction on any ground other than insufficiency of the evidence is not a bar to a second trial on the same charge.[4]Corrado, 81 Wash.App. at 647-48, 915 P.2d 1121.
¶ 14 Relying on Green and Davis, Scott contends that the jury in the first trial impliedly acquitted him of intentional murder by not indicating in response to the special interrogatory that they unanimously agreed on the alternative means of intentional murder in the second degree. Scott asserts that the jury impliedly acquitted him on the alternative means of intentional murder and the State could not retry him on manslaughter in the first degree because manslaughter is a lesser included offense of intentional murder, but not of felony murder predicated on assault. State v. Berlin, 133 Wash.2d 541, 543, 947 P.2d 700 (1997); State v. Tamalini, 134 Wash.2d 725, 953 P.2d 450 (1998). We conclude that Scott's reliance on Green and Davis is misplaced and reject the premise of Scott's argument that the jury's response to the special interrogatory about whether they agreed on the alternative means should be treated as a verdict.
¶ 15 In Green, the defendant was charged with first degree murder. The court instructed the jury on both first degree murder and the lesser included offense of second degree murder. Green, 355 U.S. at 186, 78 S.Ct. 221. The jury found Green guilty of second degree murder but the "verdict was silent" on the greater offense of first degree murder. Green, 355 U.S. at 186, 78 S.Ct. 221. On appeal, Green's conviction was reversed based on errors at trial. Green was then retried and convicted of first degree murder. The United States Supreme Court held that the retrial on first degree murder was barred by the Double Jeopardy Clause because the first jury impliedly acquitted him by refusing to find him guilty on that charge. Green, 355 U.S. at 190, 78 S.Ct. 221.
¶ 16 In Davis, the defendant was charged with three separate counts-vehicular homicide, driving while intoxicated, and reckless driving. The jury returned a verdict of not guilty on vehicular homicide but could not agree on the other two counts. Without explanation, the court excused the jury. Davis moved to dismiss the two counts, arguing double jeopardy barred a retrial. Davis, 190 Wash. at 165, 67 P.2d 894. The court granted the motion to dismiss. The State appealed. The supreme court held that the jury's silence and the fact the record did not indicate the reason for discharge resulted in an implied acquittal and a second trial on the other two counts violated double jeopardy. "It is a general rule, supported by the great weight of authority, that, where an indictment or information contains two or more counts and the jury either convicts or acquits upon one and is silent as to the other, and the record does not show the reason for the discharge of the jury, the accused cannot again be put upon trial as to those counts." Davis, 190 Wash. at 166, 67 P.2d 894.
¶ 17 Here, unlike in Green and Davis, the jury's failure to indicate on the special interrogatory that it unanimously agreed on the *214 alternative means of committing intentional murder in the second degree does not constitute an implied acquittal implicating double jeopardy.
¶ 18 A criminal defendant has a constitutional right to a unanimous jury verdict. U.S. Const. amend. VI, XIV; Wash. Const. art. I, § 21; State v. Smith, 159 Wash.2d 778, 783, 154 P.3d 873 (2007). Consistent with the right to a unanimous verdict, if a defendant is charged with committing a crime by more than one alternative means, the State must present substantial evidence to support each of the means charged. State v. Arndt, 87 Wash.2d 374, 377, 553 P.2d 1328 (1976). However, it is also well established that a defendant does not have a right to a unanimous jury determination as to the alleged alternative means used to commit the charged crime. Smith, 159 Wash.2d at 783, 154 P.3d 873; State v. Fortune, 128 Wash.2d 464, 909 P.2d 930 (1996). Thus, when a statute proscribes different means of committing a single crime, a jury must unanimously agree as to guilt for the crime charged, but unanimity is not required as to the alternative means for committing the crime as long as substantial evidence supports each alternative means. State v. Kitchen, 110 Wash.2d 403, 410, 756 P.2d 105 (1988). And while our supreme court has stated that it is desirable to determine whether the jury is unanimous on one of the alternative means in the event of reversal for insufficiency of the evidence, it is not required. Fortune, 128 Wash.2d at 467, 909 P.2d 930. Nonetheless, Scott contends that the jury's failure to mark the box next to the alternative means of intentional murder in response to the special interrogatory indicates the jury impliedly acquitted him of intentional murder in the second degree.
¶ 19 We review jury instructions de novo. State v. Pirtle, 127 Wash.2d 628, 656, 904 P.2d 245 (1995). We presume jurors follow the instructions they are given. Ervin, 158 Wash.2d at 756, 147 P.3d 567. In the first trial, the court instructed the jury on the elements of the crime of murder in the second degree and the alternative means of committing the crime by intentional or felony murder. The jury was instructed that to convict Scott of second degree murder, the jury had to agree the State had proved the crime beyond a reasonable doubt but the jury was not required to unanimously agree on the alternative means of committing the crime. Instruction 8 states:
To convict the defendant Michael Scott of the crime of Murder in the Second Degree each of the following elements of the crime must be proved beyond a reasonable doubt:
Intentional Murder:
(1) That on or about the 10th day of December, 2000, the defendant:
(a) Strangled Mark Cano; and
(b) Acted with intent to cause the death of Mark Cano; and
(c) That Mark Cano died as a result of the defendant's acts;
OR
Felony Murder:
(2) That on or about the 10th day of December, 2000, Mark Cano was killed, and
(a) That the defendant was committing or attempting to commit assault in the second degree, and
(b) That the defendant caused the death of Mark Cano in the course of and in furtherance of such crime or in immediate flight from such crime;
AND
(3) That the acts occurred in the State of Washington.
If you find from the evidence that either elements (1)(a), (b), and (c) or (2)(a) and (b), and element (3) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. Elements (1)(a-c) and (2)(a-b) are alternatives and only one need be proved. You must unanimously agree that either (1)(a-c) or (2)(a-b) has been proved. You are not required to unanimously agree which *215 of either (1)(a-c) or (2)(a-b) h as been proved.[5]
On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to elements (1)(a-c) and (2)(a-b), or (3), then it will be your duty to return a verdict of not guilty.
¶ 20 The concluding instruction, Instruction 24, directs the jury to first consider the crime of "Murder in the Second Degree (intentional) and Murder in the Second Degree (felony) as charged." Instruction 24 provides in pertinent part:
When completing the verdict forms, you will first consider the crime of Murder in the Second Degree (intentional) and Murder in the Second Degree (felony) as charged. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form A....
If you find the defendant guilty on verdict form A, do not use verdict form B or C. If you find the defendant not guilty of the crime of Murder in the Second Degree (intentional), or if after full and careful consideration of the evidence you cannot agree on that crime, you will consider the lesser crime of Manslaughter in the First Degree. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form B the words, "not guilty" or the word "guilty," according to the decision you reach. If you cannot agree on a verdict, do not fill in the blank provided in Verdict Form B.
¶ 21 The jury filled out the verdict form for murder in the second degree, Verdict Form A. The jury found Scott guilty of murder in the second degree. The verdict form then states that if the jury finds Scott guilty of murder in the second degree, it should respond to the special interrogatory. The special interrogatory asks if the jury unanimously agrees that the defendant committed either alternative means to "mark neither, one, or both as applicable". Spaces were provided to make checkmarks next to "Intentional Murder" and "Felony Murder." The jury checked the space next to "Felony Murder" but left blank the space next to "Intentional Murder."[6]
¶ 22 There is no question that the jury unanimously found Scott guilty of the crime of murder in the second degree. The jury's failure to check the box next to intentional murder in response to the special interrogatory on the alternative means of intentional felony murder in the second degree is not an implied acquittal implicating double jeopardy. Consistent with the law, the jury instructions clearly state that the jury did not have to be unanimous on the alternative means of committing the crime of murder in the second degree. And the unambiguous language of the special interrogatory also tells the jury that it could mark "neither, one, or both [boxes] as applicable" as to whether the jury unanimously agreed on the alternative means. The jury unanimously found Scott guilty of murder in the second degree committed by intentional or felony murder predicated on assault. While the jury's answer to the special interrogatory provides additional information about whether the jury agreed on an alternative means, it does not affect the jury's finding of guilt or result in an implied acquittal.
¶ 23 While conviction of a charged crime terminates jeopardy, if a defendant successfully appeals the conviction on any grounds other than insufficiency of the evidence, jeopardy continues and double jeopardy does not bar retrial. Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). North Carolina v. Pearce, 395 U.S. *216 711, 720, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Ervin, 158 Wash.2d at 757-58, 147 P.3d 567. Based on the supreme court's decision in Andress, Scott successfully obtained reversal of his conviction for murder in the second degree based on assault. Because Scott does not claim that there was insufficient evidence to support his conviction of murder in the second degree, committed by either intentional or felony murder, his reliance on State v. Hescock, 98 Wash.App. 600, 989 P.2d 1251 (1999), is misplaced.
¶ 24 In Hescock, Hescock was charged in juvenile court with one count of forgery committed by the alternative means of either altering the document or possessing an altered document. The court found Hescock guilty of forgery by altering the document but did not address the other alternate means. On appeal, Hescock argued there was insufficient evidence to support the conviction. The State conceded there was insufficient evidence but asked the court to remand to allow the trial court to consider the other alternative means. Hescock argued that a remand would violate double jeopardy. The court agreed with Hescock. Because the trial court did not address the alternative means and Hescock successfully appealed his conviction based on insufficiency of the evidence, the court concluded double jeopardy barred remand.
¶ 25 Here, unlike in Hescock, Scott's conviction was reversed on legal grounds. Because double jeopardy does not bar the State from retrying Scott on murder in the second degree predicated on intentional murder, the State could properly retry him on lesser included charge of manslaughter in the first degree. State v. Berlin, 133 Wash.2d 541, 550-51, 947 P.2d 700 (1997) (first and second degree manslaughter are lesser included offenses of intentional murder in the second degree).
¶ 26 The supreme court's recent decision in Daniels also supports our conclusion. In Daniels, the State charged Daniels with homicide by abuse and murder in the second degree committed by the alternative means of assault in the second degree or criminal mistreatment. The jury convicted Daniels of murder in the second degree. The Court of Appeals reversed the conviction based on Andress and held the State could not retry Daniels on homicide by abuse but could retry her on murder in the second degree predicated on the alternative ground of criminal mistreatment. The supreme court disagreed with the conclusion that there was an implied acquittal and held the State could retry Daniels on homicide by abuse because the record established that the jurors were unable to agree. Daniels, 160 Wash.2d at 264-65, 156 P.3d 905. The court also held that jeopardy did not terminate on murder in the second degree predicated on criminal mistreatment because the conviction was reversed for reasons other than insufficiency of the evidence. Daniels, 160 Wash.2d at 265-66, 156 P.3d 905.
¶ 27 We affirm Scott's conviction of manslaughter in the first degree.[7]
WE CONCUR: BECKER and AGID, JJ.
NOTES
[1] It is unclear from the record whether a juror or a court employee wrote this.
[2] In intervening motions which we need not address, the supreme court declined to grant Scott's motion for discretionary review of the trial court's decision.
[3] The Fifth Amendment states in pertinent part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. The Washington Constitution also guarantees that "[n]o person shall ... be twice put in jeopardy for the same offense." Wash. Const. art. I, § 9.
[4] In State v. Wright, 131 Wash.App. 474, 480, 127 P.3d 742 (2006), rev. pending, 2006 Wash. LEXIS 945 (Dec. 6, 2006), we expressly rejected Scott's argument that a reversal under Andress is on the grounds of insufficient evidence.
[5] Emphasis added.
[6] Verdict Form A provides in pertinent part:

We, the jury, find the defendant MICHAEL ADRIAN SCOTT ___ (write in not guilty or guilty) of the crime of Murder in the Second Degree as charged in Count I.
If you find the defendant guilty of Murder in the Second Degree as charged in Count I, respond to the following SPECIAL INTERROGATORY:
We, the jury, having found the defendant MICHAEL ADRIAN SCOTT guilty of the crime of Murder in the Second Degree as charged in Count I, state that we unanimously agreed that the defendant committed (mark neither, one, or both as applicable):
 --------- Intentional Murder
 --------- Felony Murder
 --------------------------
 Foreperson

[7] Because we reject Scott's claim that the jury in the first trial impliedly acquitted him of intentional murder in the second degree, we need not address Scott's argument that the jury in the first trial also impliedly acquitted him of the lesser included offenses of manslaughter in the first and manslaughter in the second degree.