FILED
COURT OF APPEALS
DIVISION II

2015 AUG 18 AM 9: 02

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43878-0-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| FRED HENRY CARPENTER, IV, | |
| Appellant. | |

BJORGEN, A.C.J. — After we issued our opinion affirming Fred Henry Carpenter's convictions of two counts of second degree assault, two counts of felony harassment, one count of fourth degree assault, and one count of obstruction of a law enforcement officer, our Supreme Court accepted review in part on Carpenter's double jeopardy challenge to his second degree assault convictions and remanded for us to reconsider our opinion on that issue in light of its recent decision in *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 329 P.3d 78 (2014). Following *Villanueva-Gonzalez*, we hold that Carpenter's two convictions of second degree assault violate the constitutional prohibition against double jeopardy. We thus remand to the trial court to vacate one of Carpenter's second degree assault convictions.

FACTS

The pertinent background facts have been set forth in our prior unpublished opinion, *State v. Carpenter*, noted at 179 Wn. App. 1029, 2014 WL 548085 (Wash. App.), *review granted*, 337 P.3d 326 (2014), and need not be repeated here. After a jury returned verdicts finding Carpenter guilty of two counts of second degree assault, two counts of felony harassment, one count of fourth degree assault, and one count of obstruction of a law enforcement officer, the sentencing court found that the two assault convictions encompassed the same criminal conduct for purposes of calculating Carpenter's offender score. RCW 9.94A.589(1)(a). Among other issues, Carpenter argued on appeal that his two convictions for second degree assault violated the constitutional prohibition against double jeopardy, which argument we rejected.[1] After issuing our opinion, our Supreme Court accepted review in part and remanded for us to reconsider that portion of our opinion in light of *Villanueva-Gonzalez*.

ANALYSIS

Upon reconsideration, we agree that Carpenter's convictions of two counts of second degree assault violate the constitutional prohibition against double jeopardy.

We review de novo whether multiple convictions transgress the constitutional prohibition against double jeopardy. *State v. Womac*, 160 Wn.2d 643, 649, 160 P.3d 40 (2007). Both our

---

[1] Carpenter originally framed his double jeopardy claim as challenging the prosecutor's decision to charge him with two counts of second degree assault, which claim we rejected noting that "the constitutional prohibition against double jeopardy . . . neither bars the State from bringing, nor bars the jury from considering, 'multiple charges arising from the same criminal conduct in a single proceeding.'" *Carpenter*, noted at 179 Wn. App. 1029, at *6-9 (quoting *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005)). In light of our Supreme Court's order on remand and in the absence of any objection from the State, we liberally construe Carpenter's double jeopardy claim to encompass the issue we now address here, whether his two *convictions* for second degree assault violate the constitutional prohibition against double jeopardy.

federal and state constitutions prohibit "'being (1) prosecuted a second time for the same offense after acquittal, (2) prosecuted a second time for the same offense after conviction, and (3) punished multiple times for the same offense.'" *State v. Turner*, 169 Wn.2d 448, 454, 238 P.3d 461 (2010) (quoting *State v. Linton*, 156 Wn.2d 777, 783, 132 P.3d 127 (2006)); U.S. CONST. amend. V; WASH. CONST. art. I, § 9. Carpenter's claim implicates the third prohibition, in that he contends the trial court punished him multiple times for the same offense.

In *Villanueva-Gonzalez*, our Supreme Court held that the crime of assault is a course of conduct offense rather than a separate act offense. 180 Wn.2d at 984-85. The *Villanueva-Gonzalez* court stated that the test for determining whether multiple assault convictions violate the prohibition against double jeopardy is a highly fact-specific inquiry and takes into account:

> [(1)] The length of time over which the assaultive acts took place, [(2)] Whether the assaultive acts took place in the same location, [(3)] The defendant's intent or motivation for the different assaultive acts, [(4)] Whether the acts were uninterrupted or whether there were any intervening acts or events, and [(5)] Whether there was an opportunity for the defendant to reconsider his or her actions.

180 Wn.2d at 985.

In its supplemental response brief, the State concedes that Carpenter's assaults occurred against the same victim, at the same location, and within a short period of time. The State argues, however, that the assaults were not uninterrupted and that Carpenter had an opportunity to reconsider his actions during the interruptions to his assaults on the victim. Although the State cites to testimony at trial indicating that Carpenter briefly relented in his choking of the victim when witnesses intervened, this is only one relevant factor in determining whether his assaultive acts constituted one course of conduct. *Villanueva-Gonzales*, 180 Wn.2d at 895. Evaluating the totality of circumstances present here, and in consideration of the State's concession that Carpenter's assaults occurred against the same victim, at the same location, and within a short

period of time, we conclude that Carpenter's assaultive acts constituted one course of conduct for double jeopardy purposes. Accordingly, we remand for the trial court to vacate one of Carpenter's second degree assault convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

JOHANSON, C.J.

MAXA, J.